## GAERTNER v. WAGNER & NOCKLES.

**Title Bond:** SALE OF REAL ESTATE. Upon a sale of real estate, the title bond stipulated that if certain promissory notes, executed by the vendee for the purchase price, and maturing at different periods, were not paid within a reasonable time after they became due, the vendor might either consider the vendee as a tenant or enforce the payment of the notes: *Held*, that the conditions of the bond did not authorize suit upon the notes before they became due.

*Appeal from Winneshiek District Court.*

FRIDAY, SEPTEMBER 25.

ON the 30th day of September, 1868, the plaintiff sold to defendants, Wagner and Nockles, certain real estate, and executed to them a bond for a deed. In consideration thereof defendants executed to plaintiff seven promissory notes, three of them for one thousand dollars each, and respectively due August first, 1869, 1870 and 1871, and four of them for two thousand dollars each, and respectively due August first, 1872, 1873, 1874 and 1875. To secure the payment of these notes the defendants executed a chattel mortgage on certain property

described.    On the 24th day of May, 1873, the plaintiff filed his petition praying judgment upon the last three notes, and a foreclosure of the mortgage.    It will be observed that these notes, by their terms, were not due when the action was commenced.    It is claimed, however, that the bond for a deed renders the whole sum due upon failure to pay, at maturity, any note, and the petition alleges, and the proof establishes, that the note maturing August first, 1872, has not been paid; and plaintiff claims that, by reason of such neglect, and the conditions of the bond, the notes sued on have all become due.

The court rendered judgment for plaintiff for $6,858.00, the amount of the notes sued on, decreed a foreclosure of the chattel mortgage, and allowed an attorney's fee of $300 for foreclosing the same.    Defendants appeal.

It will be seen that the only question involved is a construction of the title bond.

*L. Bullis,* for appellant.

*G. L. Faust* and *C. P. Brown,* for appellee.

DAY, J.—The bond, after describing the property sold, and mentioning the consideration and the several times of payment, proceeds as follows: " Now the condition of this obligation is such, that if the said Wagner and Nockles shall have paid two-thirds of said promissory notes at maturity, and shall in the meantime pay all taxes on said premises, and the said A. F. Gaertner shall, on the completion of said payments, make, execute and deliver, or cause to be made, executed and delivered, a good warranty deed to the said Wagner and Nockles for said premises, then this obligation to be void, else to remain in full force and virtue.    And it is expressly agreed by and between said parties that, in the event of the non-payment of said notes, or any part thereof, then the said A. F. Gaertner shall not be liable to make and execute such deed until said payments are made; and if not paid at a reasonable time after they become due, then the said A. F.

Gaertner may treat the said Wagner and Nockles as a tenant, or enforce the payment of the notes."

Whatever uncertainty there may be in this bond, we are quite clear that it does not authorize the collection of a note before it comes due. Unless otherwise provided in the contract, a vendor of real estate is not under obligation to convey until the whole consideration is paid. This bond, however, provides that plaintiff shall convey when Wagner and Nockles shall have paid " two-thirds of said promissory notes at maturity." We need not determine whether this means two-thirds of the whole consideration, or the amount evidenced by two-thirds in number of the notes. It is clear, at least, that by paying a certain amount of the consideration at maturity, and keeping the taxes paid, the vendees are entitled to a deed before the whole consideration is paid. This provision follows: "And it is expressly agreed that, in the event of the non-payment of said notes, or any part thereof, then the said A. F. Gaertner shall not be liable to make and execute such deed until said payments are made." " Said notes" here mentioned must refer to the " two-thirds of said promissory notes " spoken of in the former part of the bond. For, if " said notes " refers to all or any of the seven notes, then it would here be provided that the deed shall not be made until all the notes are paid. This construction would place this part of the bond in direct antagonism to what precedes. The other construction, which gives full force and effect to both these provisions, must be adopted. So far, it seems to us, the bond is perfectly plain and clear. The only remaining provision is as follows: " And if not paid at a reasonable time after they become due, then the said A. F. Gaertner may treat the said Wagner and Nockles as a tenant, or enforce the payment of the notes." Without this last provision, the only remedy of Gaertner would be to sue on the notes as they mature. This provision, however, gives him an option to treat the vendees as his tenants, or to enforce the payment of the notes. Of course an election to treat the vendees as tenants would work a rescission of the contract, and take away the right to sue on the notes.

When any one of these notes became due, and was not paid

in a reasonable time, Gaertner might treat the defendants as his tenants. But in order to remove any possibility of a construction that his remedy is limited to treating them as tenants, the bond provides that he may enforce the payment of the notes. Of what notes may he enforce the payment? Manifestly, it seems to us, of those that are due. This appears plain from the language of the bond: "if not paid at a reasonable time after they become due." The only effect of this last clause of the bond is to confer upon the vendor the right, which otherwise he would not have possessed, to rescind the contract, and treat the vendees as his tenants, if a note should not be paid within a reasonable time after it became due. It follows, from these views, that the notes sued on were not due when the action was commenced, and that the court erred in rendering judgment thereon, and in foreclosing the mortgage executed to secure them.

REVERSED.