## THE STATE v. FLYNN.

1. **Criminal Law** : INDICTMENT : PLEADING. In an indictment for resisting an officer an erroneous allegation respecting the name of the officer resisted does not constitute a fatal variance.

2. ———: EVIDENCE: PRACTICE. Where the evidence of witnesses examined before the grand jury is taken down and returned, as required by statute, but their names are not indorsed upon the indictment, it may be assailed by a motion to set aside; but if this is not made, the witnesses may be examined upon the trial.

3. ———: ———. The court has the discretion to permit a witness to be examined for the State after the defendant has introduced and concluded his testimony.

*Appeal from Dubuque District Court.*

THURSDAY, DECEMBER 16.

DEFENDANT was convicted of the crime of resisting an officer in the discharge of his duty, and appeals to this court. The facts of the case appear in the opinion.

*Louis Fockler*, and *J. C. Longueville*, for appellant.

*M. E. Cutts, Attorney General*, for the State.

BECK, J.—The objections urged against the judgment of the District Court in this case are based upon the rulings of the court in admitting evidence, instructing the jury, and overruling a motion in arrest of judgment. We will notice them in the order they were presented in the argument of counsel. They may be briefly disposed of.

I. The indictment alleged the name of the officer resisted by defendant to be Patrick *Ryan*. The proof showed his name to be Patrick *Ryder*. This, it is claimed, is a fatal variance and the objection was raised upon instructions asked, and upon a motion in arrest of judgment, which was overruled.

1. CRIMINAL law: indictment: pleading

Code, § 4302, is in these words: "When an offense involves the commission of, or an attempt to commit, an injury

to person or property, and is described in other respects with sufficient certainty to identify the act, an erroneous allegation of the name of the person injured, or attempted to be injured, is not material."

The indictment charges that the offense was committed by willful and malicious assault made by defendant upon the officer, while in the discharge of his duty, and that the defendant did resist the officer by striking, cutting, wounding and injuring him. The offense clearly involves injuries to the officer, as charged in the indictment, and the case is within the statute just cited. *State v. Emeigh*, 18 Iowa, 122; *State v. Cunningham*, 21 Iowa, 433.

II. The court overruled a motion to exclude the testimony of Patrick Ryder on the ground that his name was not indorsed on the indictment. In support of the motion an affidavit was filed tending to show that the name, Ryder, appearing upon the indictment, was there as the result of a change of the name *Ryan*, originally written. Whether the name Ryan or Ryder was originally indorsed upon the indictment was a question of fact for the court. The evidence of the alteration, together with the indictment itself, was duly considered. We have not the indictment before us, and therefore cannot pass upon the question with all the light that the court below had. We cannot hold that the conclusion of fact reached upon the motion is erroneous.

III. The court admitted the evidence of certain witnesses whose names were indorsed upon the indictment. Code, § 4421, provides that evidence in support of the indictment shall not be of "a witness who was not examined before the grand jury, and the minutes of whose testimony was not taken by the clerk of the grand jury, and presented with the indictment to the court," unless a notice, as required, be given defendant. It is not claimed that the witness was not examined before the grand jury, and his testimony taken down and returned as required by the statute. The witness was not brought within the restriction of this section. The indictment may, upon motion, be set aside, if the names of all the witnesses examined before the grand jury

*2. ———:*
*evidence:*
*practice.*

be not indorsed upon it. But after motion is made the indictment may be corrected to accord with the fact. Section 4337. No objection of the kind was made by motion to set aside the indictment.

IV. A witness, after the close of defendant's testimony, was permitted to testify in behalf of the State, to matters not rebutting in their nature. This the court could properly permit under the exercise of lawful discretion. Code, § 4420. It is not shown that this discretion was abused.

V. Some of the instructions asked by defendant could well have been given. But as we have not before us the instructions given by the court, we cannot say that those refused are not repetitions of those given, and for that reason correctly excluded. We must presume in favor of the correctness of the court's rulings upon the instructions.

We have discovered no other questions in the case after having given the record before us careful consideration. We find no error in the proceedings.

AFFIRMED.

MILLER, CH. J., dissenting.