THE STATE v. ROBINSON.

1. **Criminal Law**: NAME OF WITNESS UPON INDICTMENT. Where the name of a witness examined before the grand jury was not indorsed upon the indictment, and after the jury had been called into the box the district attorney moved that the indorsement be then made, it was *held* the granting of the motion wrought no prejudice to the defendant.

2. ———: EVIDENCE: ADMISSIONS. In a trial for burglary a witness was asked by defendant's counsel upon cross-examination whether he obtained any information from the defendant in reference to the stolen property; in answer he stated: " I got information of who the parties were who were with him." The court overruled defendant's motion to strike out this answer as unresponsive, and upon the strength of such question and answer permitted the State to show upon re-direct examination admissions of the defendant, as to who were his accomplices, which had previously been correctly excluded as inadmissible: *Held*, that this action of the court was erroneous.

*Appeal from Dubuque District Court.*

FRIDAY, DECEMBER 14.

THE defendant was indicted for the crime of burglary, was tried, convicted and sentenced to the penitentiary for one year. He appeals.

*Hubert O'Donnell* and *McCeney & O'Donnell*, for appellant.

*J. F. McJunkin, Attorney General*, for the State.

DAY, CH. J.—I. The cause coming on for trial, the district attorney moved the court to permit the indorsement upon the back of the indictment of the name of Gus. Miller, he having been a witness before the grand jury. The defendant objected because the name was not indorsed on the indictment as originally presented, and application for indorsement was not made until the jury were called into the box for the trial of defendant. The court overruled the objection and permitted the indorsement to be made. Appellant assigns this action as error.

Section 4337 of the Code provides that a motion to set aside the indictment may be made for a failure to indorse thereon

the names of all the witnesses examined before the grand jury. Section 4338 provides that the motion shall not be sustained if the indorsement is corrected by the insertion of such names, by the district attorney, or the clerk, under the direction of the court. If this correction can be made after motion, there is no reason why it cannot be done before such motion. Besides, no motion being made to set aside the indictment, the witness might be examined, if the minutes of his examination before the grand jury were presented with the indictment to the court, although his name was not indorsed upon the back of the indictment. *State v. Kymer*, 42 Iowa, 164. It is not claimed that the minutes of the examination of this witness were not so presented. The indorsement of his name upon the back of the indictment, under the circumstances disclosed, was immaterial, and worked defendant no prejudice.

II. One George Finn was introduced as a witness for the State for the purpose of proving certain admissions made by the defendant. Upon examination of Finn as to the circumstances under which the admissions were made, the court held that they were inadmissible. The defendant on cross-examination then asked the witness this question: "Did you get any information from the defendant in this case in reference to the revolver? Ans. Yes sir; I got information of who the parties were who were with him." The defendant moved to strike out this answer as unresponsive. The motion was overruled. Thereupon the State, in re-direct examination, asked the witness the following question: "What information did you get in regard to the parties that were with him?" The defendant objected to this question as seeking to introduce an admission which the court had already held to be inadmissible. The court overruled the objection on the ground that the defendant had examined him on the same subject. The following testimony was then introduced: "He told me that Miller and Driscoll were with him; whether he said Hancke or not I could not say; I don't remember." "Which Miller do you mean?" "Gus. Miller; at first I did not know which one of the Miller boys, but found out afterward it was Gus. Miller who was with him." "Were with him when?" This question was objected to and the ob-

jection was overruled, but the abstract does not show what, or whether any, answer was made. The action of the court in refusing to strike out the answer of Finn on cross-examination, and in allowing that to open up the way to re-examination as to admissions otherwise inadmissible, was, we think, erroneous. The defendant afterward introduced Finn as his own witness, when he testified as follows: "He told me that Driscoll was with him." "Did you arrest Driscoll in consequence of it?" "Yes sir." "Do you know how Driscoll got out of it?" "He stated to me that Driscoll was with him on the first statement; I arrested Driscoll, and when I got him up to the office he went right back on what he said; he said right off he was not with him at all."

To some of us it appeared, at first view, that the defendant had drawn out of Finn, when he was his own witness, everything of a material character which Finn had testified to as a witness of the State; that defendant could not object to the testimony thus introduced by himself, and that, by his own action, he had rendered the error of the court, above referred to, error without prejudice. But a more careful examination of the abstract convinces us that this view is not tenable. Finn, when introduced by defendant, simply testified that defendant told him Driscoll was with him. Finn, as a witness for the State, says: "He told me that Miller and Driscoll were with him." Miller was an accomplice in the commission of the burglary. He was a witness upon the part of the State, and gave very important testimony tending to fasten the crime upon the defendant. Defendant could not be convicted upon the testimony of this accomplice without corroboration. It is impossible to tell how much consideration, in the way of corroboration, the jury may have given to the admission of defendant that Miller was with him. Indeed, it is difficult to conceive of corroboration more satisfactory. It is true the evidence, so far as we have it in the abstract, does not show *where* defendant admitted Miller was with him. But from the whole evidence, the jury would very likely regard, and would be justified in regarding, the admission as referring to the place where the burglary was committed.

The permitting of the admissions to go in evidence to the jury was error to defendant's prejudice. The admissions were made under such promises of favor that they were clearly inadmissible, unless the way for them was opened up by the cross-examination; and so the court below held. The judgment is

REVERSED.