# The State v. Fowler.

1. **Criminal Law**: INDICTMENT: GRAND JURY. It is not competent for the court, upon a motion to set aside an indictment, to inquire into the character of the evidence upon which the grand jury acted.

2. ——: ——: ——. The fact that a grand juror was discharged during the examination of a case, and another substituted without being examined by the defendant, will not authorize the court to set aside the indictment found without a showing of prejudice.

3. ——: EVIDENCE. Defendant was charged with having committed an assault with a slung shot: *Held*, that while evidence of the fact that he had such a weapon in his possession shortly after the alleged assault was admissible, it was not competent to show his actions and manner when called upon to give it up.

4. ——: ——: WITNESS BEFORE GRAND JURY. When the minutes of a witness' testimony before the grand jury are properly returned, the fact that his name is not upon the indictment will not prevent his examination upon the trial.

5. ——: BURDEN OF PROOF: SELF DEFENSE. In a prosecution for an assault, the burden is upon the State to show that the defendant did not act in self defense.

6. ——: ——: INFANT. Where the defendant was under fourteen years of age at the time of the commission of an alleged offense, it is incumbent upon the State to show that he possessed sufficient capacity to understand the nature of the crime.

7. ——: CREDIBILITY OF WITNESSES: DISCRETION OF JURY. While the jury must judge of the credibility of witnesses, yet in doing so they must exercise judgment, aided by the rules for discovering truth.

| | |
|---|---|
| 52 | 103 |
| 78 | 640 |
| 52 | 103 |
| 94 | 41 |
| 52 | 103 |
| 97 | 63 |
| 52 | 103 |
| 104 | 726 |
| 52 | 103 |
| 111 | 73 |
| 52 | 103 |
| 122 | 663 |
| 52 | 103 |
| 128 | 28 |

*Appeal from Van Buren District Court.*

WEDNESDAY, OCTOBER 22.

THE defendant was indicted for an assault with an intent to inflict a great bodily injury upon George Ruth, was tried, convicted of an assault, and fined $25 and costs. He appeals.

*Trimble & Baldwin*, for appellant.

*J. F. McJunkin, Attorney General*, and *Work & Brown*, for the State.

DAY, J.—I. Before pleading to the indictment the defendant filed a motion to set it aside, and in support of said motion filed the following affidavit: " Lewis Fowler, being duly sworn, on his oath says he is a resident of said county, and was in attendance on the District Court of said county at its August term, 1877. That at the time of calling the grand jury of said court at said term, and before it was impaneled or sworn, the defendant, Silas Fowler, was permitted to and did exercise his right of examination and challenge, as to said persons, and said jury was then impaneled and sworn. That after said impaneling, and on the 14th day of August, 1877, and on the 15th day of said month in the forenoon, the witnesses in said case were examined before said grand jury. That on the afternoon of said 15th day of August, 1877, one of said grand jurors was by the court excused and discharged therefrom; and thereupon, and at once, another person was selected from among the bystanders and put upon said jury, and thereupon, without affording the defendant any opportunity to examine or challenge said grand juror, said jury was reorganized and sworn again, and at once retired to their room. That none of said witnesses, nor any others, were again examined before said new grand jury, but on the 23d day of said August, 1877, said jury found and returned into court the indictment against said defendant, which is now pending for trial in said court." The court overruled the motion to set aside the indictment on the ground that it could not inquire into or question the legality of the action of the grand jury in the alleged particular, and that the same if true, as shown by the affidavit, was not sufficient to set aside the indictment. This action of the court the defendant assigns as error.

1. CRIMINAL law: indictment: grand jury.

1. The court, we think, correctly held that it could not inquire into the character of the evidence upon which the grand jury acted.

2. It is not shown that the grand juror selected in place of the one discharged was disqualified to act. It does not, therefore, appear that if the defendant had been permitted to examine him he could have prevented his serving on the jury. It is not shown that the defendant

was prejudiced by not having the privilege of challenging this juror. See *State v. Felter*, 25 Iowa, 67 (70).

II. The evidence shows that the defendant and George Ruth were attending a district school. At recess in the forenoon an

3. ———: evidence. altercation occurred between them about fifty yards from the school-house, when the defendant struck George Ruth on the head with a slung shot, knocking him down, and inflicting a slight wound from which blood flowed quite freely. The State read from an affidavit for continuance what it expected to prove by Edwin Petit, the teacher, as to the occurrence after school was called, immediately after the difficulty, as follows: " That he asked Silas Fowler to give him the slung shot, with which he struck Ruth, and Fowler at first denied that he had it, but when told that he had it and must give it up, came forward in a menacing manner with a knife in his hand, and when witness caught his hand defendant handed him a slung shot and said " here it is, but I do not want the school to see it." This testimony was objected to as incompetent. It was proper to show that defendant had a slung shot in his possession, but proof that he came forward in a menacing manner, with a knife in his hand, constituted no part of the *res gestæ* and was calculated to create a prejudice against the defendant in the minds of the jury.

III. The State offered to read from the motion for a continuance a statement of what Grant Wollam would swear to.

4. ———: ———. witness before grand jury. The defendant objected that this witness was not before the grand jury, and his name is not indorsed upon the indictment. The minutes of the evidence show that the names Frank Wollam and Grant Wollam are written one over the other. The court heard evidence upon the subject and found, as we think correctly, that Grant Wollam was before the grand jury, and that Frank Wollam was not. The name of Grant Wollam is not on the indictment. That the names of witnesses before the grand jury are not on the back of the indictment is a ground for a motion to set it aside, but does not prevent the examination of witnesses whose names are not upon the back of the indictment, if they were examined before the grand jury, and the minutes of their evi-

dence have been presented with the indictment to the court. See Code, sections 4337 and 4421. *State v. Flynn*, 42 Iowa, 164. Section 4421 of the Code applies to evidence in support of an indictment, and does not preclude the testimony of witnesses who were not before the grand jury, and whose evidence is not reported with the indictment, as to the fact that a certain witness testified before the grand jury.

IV. The court gave the jury some general instructions upon the doctrine of self defense. The defendant asked the court to instruct the jury as follows: "The burden of proving that the defendant was not acting in self defense is upon the State, and this it must prove beyond a reasonable doubt, and if it has failed so to do you should acquit."

5. ——: burden of proof: self defense.

No instruction embodying this thought was given. The burden of proof is upon the State to show, from the circumstances attending the commission of the offense, that the defendant did not act in self defense. *State v. Morphy*, 33 Iowa, 270; *State v. Porter*, 34 Id., 131 (140).

V. The defendant asked the following instruction: "The law presumes that persons between the ages of seven and fourteen years are incapable of committing any crime, and it is incumbent on the State to prove by evidence that the defendant had sufficient capacity to know that he was committing a crime, if you find that one was committed and that the defendant was under fourteen years old at the time of its alleged commission, and if the State has failed so to do you should acquit." The attorney general concedes that this instruction gives the law substantially in regard to the commission of crimes by persons between the ages of seven and fourteen, but claims that there was no evidence tending to show that defendant was under fourteen years of age. The bill of exceptions recites that there was evidence tending to prove that defendant was under fourteen years of age at the time of the alleged assault, and, whilst the preponderance of evidence is that he was over fourteen years of age, still we are of opinion that a finding that he was under fourteen would not have been wholly unsustained by the evidence.

6. ——: ——: infant.

VI. The court gave the following instruction: "You are the judges of the credibility of the witnesses; you must determine whether any of them have told the truth or not; if you think they have not told the truth, it is your right and duty to disregard their evidence in so far as you think it untrue; and in regard to all of the witnesses you will give what they say just as much weight and force as you think it entitled to, considering the probability of its truth, its reasonableness, and whether corroborated or contradicted by the circumstances of the case, or other witnesses." Without determining whether the giving of this instruction would of itself constitute a sufficient ground for the reversal of the case, we are of opinion that the first part of it places the belief of the evidence too absolutely within the mere will or discretion of the jury. It is true that the jury must judge of the credibility of the witnesses, but in doing so they must exercise judgment, aided by the rules for discovering truth, and not merely will. In *Woodward v. Squires*, 39 Iowa, 434 (438), it is said: "The jury should not arbitrarily reject the testimony of witnesses who are unimpeached and uncontradicted, and whose testimony does not lack probability, although they may be interested in the result of the suit." See *Hartford Life and Annuity Insurance Company v. Gray*, 80 Illinois, 28.

REVERSED.