## THE STATE v. STORY.

**Criminal Law**: WITNESS' NAME NOT ON INDICTMENT: EFFECT. G. B. H. was a witness before the grand jury which found the indictment in this case, and proper minutes of his testimony were made, and he signed his true name to the minutes, but his name was endorsed upon the indictment as J. B. H. *Held* that if the variance might be urged as a ground for setting aside the indictment, it was no ground for excluding the evidence of the witness on the trial. (Compare secs. 4293 and 4421 of the Code, and cases cited in opinion.)

*Appeal from Polk District Court.*—HON. MARCUS
KAVANAGH, JR., Judge.

FILED, DECEMBER 20, 1888.

DEFENDANT was indicted, tried and convicted upon
a charge of keeping a liquor nuisance, and he appeals.

*W. S. Sickmon*, for appellant.

*A. J. Baker*, Attorney General, for the State.

ROTHROCK, J.—I. The defendant was indicted by
the name of M. Story. When he was arraigned he
stated that his true name was Joseph Story, and, under
the statute, the cause was afterwards prosecuted against
him in his true name. He was jointly indicted with
one J. Story. A verdict of guilty was found against
both of the parties charged. A motion for a new trial

was sustained as to J. Story. No further consideration need therefore be given as to the trial of the case against him. One G. B. Hamilton was called as a witness in behalf of the state. The defendant objected to the witness on the ground that his name was not indorsed on the indictment. The objection was overruled. The facts appear to be that the witness was examined before the grand jury, and proper minutes made of his testimony, and he signed his true name to the minutes. But his name was indorsed on the indictment as J. B. Hamilton. Section 4293 of the Code, requires the name of the witness to be indorsed on the indictment. But by section 4421, the attorney for the state may introduce any witness who was examined before the grand jury, and the minutes of whose testimony were taken by clerk of the grand jury, and presented with the indictment. An objection that the name of the witness is not indorsed on the indictment may be the ground of a motion to set aside the indictment, but it is no reason for excluding the evidence. *State v. Flynn*, 42 Iowa, 164; *State v. Fowler*, 52 Iowa, 103. The ruling of the court was correct.

II. It is claimed that the evidence was insufficient to authorize a verdict against the appellant. We think otherwise. And we discover no error in the instructions to the jury; nor in refusing to give those requested by the defendant.

AFFIRMED.