STATE OF IOWA v. ANDREW BEAL, Appellant.

**Criminal Practice:** INDICTMENT. A witness' minutes before an examining magistrate were before and considered by the grand jury and returned with the indictment, his name not being endorsed thereon. *Held*, while the failure to endorse was ground for setting the indictment aside, it was none for objection to the witness' testimony.

MISCONDUCT OF STATE'S COUNSEL. He propounded irrelevant and prejudicial questions and all to show that one of defendant's witnesses had been convicted of petit larceny. *Held*, no prejudice where the court properly sustained objections to such conduct.

*Appeal from Iowa District Court.*—HON. M. J. WADE, Judge.

TUESDAY, APRIL 2, 1895.

Defendant was indicted, tried, and convicted of the crime of larceny. From the imposition of a fine of one hundred dollars he appeals.—*Affirmed.*

*T. H. Milner* for appellant.

*Milton Remley,* attorney general, and *Thos. A. Cheshire* for the state.

Deemer, J.—The state produced as witnesses against defendant Charles Marcellus, J. A. White, Paul Herman, George Wright, and H. J. Richardson. The names of all these witnesses except Wright were indorsed on the back of the indictment, but none of them were before the grand jury; and, as we shall see, no notice was served upon the defendant of the introduction of their testimony, as required by section 5806, McClain's Code. It appears, however, that defendant

had a preliminary examination before a committing magistrate, and that this officer took down minutes of the testimony of witnesses taken before him, which he returned to the district court, and that the grand jury used these minutes when investigating defendant's case. Attached to the indictment returned was the following statement: "State vs. Andrew Beal. The following evidence taken from the sworn witnesses taken before the justice of the peace. H. J. Richardson 'states': 'These hogs were worth from eight to nine dollars.' J. A. White 'states': 'Hogs would weigh 115 or 120 pounds. I would give eight to ten dollars apiece for them.' Chas. Marcellus 'states': 'Hogs would weigh 120 or 130 pounds. Worth $7.50 to $8.00.' Paul Herman 'states': 'Weighed hogs. Weighed 117 pounds and a fraction each; total weight, 352 pounds.' Said witnesses not having been examined by the grand jury." When the witnesses named were produced for examination, defendant objected to their testifying, because they were not before the grand jury, and no notice was given that they would be called as witnesses. The objections were overruled, and these rulings are assigned as errors.

These rulings were expressly authorized by the statute (Code, section 4289), and are sustained by the following cases: *State v. Rodman,* 62 Iowa, 456; *State v. Kepper,* 65 Iowa, 745. The defendant interposed an additional objection to witness Wright, —that his name was not indorsed on the back of the indictment. It was conceded, however, that this witness was before the committing magistrate; that the minutes of his testimony, taken down by the magistrate, were used by the grand jury, and returned by it with the indictment. The only additional question with reference to this witness, then, is, was it error to allow him to be examined, his name not having been so

indorsed? Under our practice, this witness was constructively before the grand jury, and, had his name been on the back of the indictment, he could certainly have been used. As his name was not on the back of the indictment, the defendant might have moved to set the indictment aside. *State v. Flynn*, 42 Iowa, 164; *State v. Fowler*, 52 Iowa, 103. Yet failure to indorse the witness' name on the indictment is not a ground of objection to his testimony. *State v. Story*, 76 Iowa, 262, and authorities last above cited.

II. A notice of the introduction of these witnesses was served upon defendant's counsel four days before the trial. It is insisted that such notice was not properly served. In view of what we have already said, it is not necessary to determine this question. It may be said, however, that, as the statute does not make provision for substituted service, it is likely that personal service is, as a general rule, required.

III. Complaint is made of the conduct of the county attorney during the trial in propounding wholly irrelevant and prejudicial questions to defendant's witnesses, and in attempting to introduce a record of the conviction of one of defendant's witnesses for the crime of petit larceny. His conduct in this respect is not to be commended, but, as the court immediately sustained objections to the questions and the proffered testimony, we do not think any prejudice resulted to appellant therefrom.

We have examined the whole record, and find no prejudicial error, and the judgment is *affirmed.*