BENJAMIN F. JONES V. STATE OF NEBRASKA.

FILED NOVEMBER 18, 1896.   No. 8670.

Physicians and Surgeons: PRACTICE IN VIOLATION OF LAW: INFORMA-
TION. An information which sufficiently charges the practice by
the accused of medicine and surgery in a designated county, with-
out having first obtained from the state board of health the certifi-
cate prescribed by chapter 55, Compiled Statutes, states an offense
under the provision of said chapter.

ERROR from the district court of Saunders county.
Tried below before WHEELER, J.

*Sawyer, Snell & Frost* and *C. Thompson*, for plaintiff in
error.

*A. S. Churchill, Attorney General,* and *George A. Day,
Deputy Attorney General,* for the state.

POST, C. J.

The plaintiff in error was, by the judgment of the dis-
trict court for Saunders county, convicted on the charge
of practicing medicine and surgery without having ob-
tained from the state board of health the certificate
prescribed by chapter 55, Compiled Statutes, entitled
"Medicine." There is accompanying the record no bill of
exceptions, and the only question argued relates to the
sufficiency of the information, the essential part of which
is here set out, viz.: "That one Benjamin F. Jones, late of
the county of Saunders, in the said county of Saunders,
on the 8th day of December, 1894, *   *   *   then
and there being, did unlawfully practice medicine and
surgery, *   *   *   and did unlawfully treat, in the
capacity of a physician and surgeon, one Henry Craig,
without having first obtained and procured registration,
filing in the office of the county clerk of Saunders county
a certificate as required and provided by law," etc.
The provisions of statute above mentioned, declaring

43

it unlawful for any person to practice medicine, surgery, or obstetrics in this state without having first obtained and caused to be filed a certificate from the state board of health, was cited and construed in *O'Connor v. State*, 46 Neb., 157, and does not call for extended notice in this connection, since the controlling question herein is one of grammatical construction rather than of substantive law.

It is, on the part of the plaintiff in error, contended that the words "without having first obtained and procured registration," etc., as employed in the information, must be construed as referring to Saunders county only, and do not, therefore, exclude the presumption that the plaintiff in error was, at the time laid, authorized to practice medicine by means of the statutory certificate, in due form issued and registered in the county of his residence. The attorney general, on the other hand, contends that the word "obtained" refers to the certificate, which is essential to a lawful registration. It is provided by section 10 of the act above cited that "it shall be the duty of the applicant, before practicing, to file such certificate, or copy thereof, in the office of the county clerk of the county in which he or she resides or in which he or she intends to practice," etc.; and by section 13 it is further provided that "any person who shall have obtained a certificate provided by this act and shall remove to another county shall, before the entering upon the practice of his profession in such other county, cause said certificate to be filed and recorded in the office of the county clerk of the county to which he has removed." We may assume, as argued by counsel for the plaintiff in error, that a licensed physician is not required to procure the registration of his certificate in every county to which he may be called in the practice of his profession, and that the demand of the statute is satisfied by registration in the county of his residence. It follows from such an interpretation that an indictment or information charging

the practice by the accused of medicine, surgery, or obstetrics in a designated county, without having procured the registration therein of the statutory certificate, and without disclosing the county of his residence, would not state an offense under the statute cited. We are, however, unable to so construe the charge in this case, the words "without having first obtained" being, in our judgment, used disjunctively, and refer to the certificate itself, and not to the act of procuring the registration thereof in Saunders county. It follows that the objection to the information is without merit and that the judgment should be

AFFIRMED.