## C. F. WILSON v. STATE OF NEBRASKA.

### FILED MAY 6, 1911. No. 16,897.

Physicians and Surgeons: LICENSES: INFORMATION. A statement in an information that the accused did treat and profess to heal a certain named patient, "without having a certificate or license issued by the state board of health, and filed in the office of the clerk of Custer county, Nebraska, as required by law," does not negative the fact that a license issued by the state board may have been filed in the office of the county clerk of the county where the accused resides.

ERROR to the district court for Custer county: BRUNO O. HOSTETLER, JUDGE. *Reversed.*

*Silas A. Holcomb* and *Morris & Hartwell,* for plaintiff in error.

*Grant G. Martin, Attorney General,* and *Frank E. Edgerton, contra.*

ROOT, J.

The plaintiff in error prays for a reversal of a judgment of conviction on a charge of practicing medicine without a license.

The information charges that the accused, "late of the county aforesaid (Custer), on the 11th day of·March, 1910, * * * then and there being in said county and state aforesaid, the said C. F. Wilson did then and there at the times herein set out unlawfully practice medicine and profess to heal, and did treat for physical ailment one Herman C. Olsen, without having a certificate or license issued by the state board of health, and filed in the office of the clerk of Custer county, Nebraska, as required by law." There is no allegation in the information that the accused resides in Custer county. The accused requested the district court to quash the information, for the alleged reason that it did not state facts sufficient to constitute the offense of unlawfully practicing medicine or of practicing medicine without a license, and did not state facts sufficient to constitute any offense under the laws of Nebraska. This motion was overruled, and the accused then entered his plea of not-guilty.

Chapter 55, Comp. St. 1909, forbids·the practice of medicine as therein defined, unless the practitioner shall have first procured from the state board of health a license, and shall have filed it in the office of the county clerk of the county wherein the licentiate resides or in the county in which he intends to· practice. The prosecutor does not charge that a license was not issued, nor that a license was not filed in the county where the accused resides. Every fact stated in the information may be true, and the accused be not guilty. The subject is discussed in *Jones v. State,* 49 Neb. 609, wherein the court by Post, C. J., say, in substance, that the law is satisfied by registration in the county of the physician's residence, and that "it follows from such an interpretation that an indictment or information charging the practice by the accused of medicine, sur-

gery, or obstetrics in a designated county, without having procured the registration therein of the statutory certificate, and without disclosing the county of his residence, would not state an offense under the statute cited." The defect is one of substance. The defendant at the first opportunity challenged the county attorney's attention to the fact, and has at all times preserved his right to raise the question in this court. In our opinion the information is fatally defective, and the motion to quash should have been sustained.

The judgment of the district court therefore is reversed and the cause remanded for further proceedings.

REVERSED.