THE STATE OF IOWA, Appellee, v. E. C. FRUTIGER, Appellant.

Criminal law: INDICTMENT: DUPLICITY. An indictment charging a person with wrongfully assuming to act as a physician without having obtained and recorded a certificate in a certain county authorizing him to practice is not defective because of duplicity of statement; as it only charged the one offense of practicing without a certificate and was sufficient in that respect.

Same: APPEAL: FAILURE TO PRESENT THE EVIDENCE: PRESUMPTION. Where an appellant fails to preserve and present the evidence on appeal it will be assumed that it justified a submission of the issue raised upon the material allegations of the indictment by a plea of not guilty.

Same: INDICTMENT: SURPLUSAGE. The unessential portions of an indictment may be rejected as surplusage.

Same: EVIDENCE: REMARKS OF COURT. Where neither the evidence nor interrogatories of a prosecuting attorney appeared in the record, except a single term used by the attorney, to which there was objection, the court's remark to the jury that the issue was not one of words but of fact, concerning which they would be instructed, cannot be said to have been prejudicial.

Same: CROSS-EXAMINATION: REVIEW ON APPEAL. Where there was no effort upon the trial to show the interest or bias of a witness, or to

disclose the substance of his testimony sought to be elicited, and upon appeal there was no showing of what he had testified to on direct examination, refusal to permit him to state on cross-examination whether he had anything to do with instituting the prosecution was not erroneous; since for anything which appeared in the record on appeal the question of his interest or bias may have been immaterial.

**Appeal:** ASSIGNMENT OF ERRORS. An appellant is required by the rules 6  to disclose all of the points relied upon for reversal in his original brief. Objections not thus indicated are waived and cannot be raised by an additional brief.

**Physicians:** PROFESSING TO CURE AND HEAL: CHIROPRACTORS. Where 7  one by his acts, advertising and holding himself out as a physician, invites sick or afflicted persons to come to him for treatment, and he receives such persons into his office and treats them for the purpose of relieving their ailments, a jury would be justified in finding a public profession to cure and heal, within the meaning of the statute.

*Appeal from Adair District Court.*—HON. J. H. APPLEGATE, Judge.

SATURDAY, NOVEMBER 28, 1914.

THE defendant appeals from a judgment of conviction under an indictment charging him with unlawfully holding himself out as a physician and assuming to treat sickness and disease without a certificate authorizing him to engage in such practice.—*Affirmed.*

*Morris & Hartwell,* and *F. B. Wilson,* for appellant.

*George Cosson,* Attorney General, and *John Fletcher,* Assistant Attorney General, for the State.

WEAVER, J.—The abstract of record presented upon this appeal makes no attempt to embody or state therein the testimony offered or produced upon the trial, and, such being the case, no question can here be made or raised upon the suffi-

ciency of the evidence to justify the conviction. The errors assigned are as follows:

I. The defendant moved to quash the indictment on the grounds: (1) That the indictment fails to show facts sufficient to give the court jurisdiction to try him for the alleged offense; (2) that the indictment is defective because of duplicity of statement, and joins several offenses in one count, and is indefinite and uncertain; and (3) that the statute, with violation of which. defendant is charged, is unconstitutional. The trial court overruled the motion, and error is assigned thereon. The defendant thereafter pleaded not guilty, and there was a trial and verdict as stated.

The constitutional question suggested by the motion is not argued in this court, and we are not called upon to consider or decide it.

Counsel's position upon the alleged duplicity in the indictment is. not quite clear, but, if we understand the argument, it is that the charge in the indictment that defendant wrongfully assumed to act as a physician, "without having obtained from the State Board of Medical Examiners of the State of Iowa and recording the same in the office of the recorder of Adair county, Iowa, a certificate authorizing him to practice as such," is an accusation of two distinct offenses, to wit, the unlawful act of assuming the duties or functions of a physician without having obtained the proper certificate; and, second, the unlawful failure to file such certificate in the office of the recorder of Adair county. The question here raised has been decided by this court adversely to the contention of the appellant in the recent case of *State v. Zechman,* 138 Iowa, 387. There, as here, the charge was made that the defendant unlawfully practiced and held himself out to be a physician without having procured the required certificate and without filing such certificate in the office of the county named, but omitted to allege that defendant was a resident of said county. It was there conceded by us that the indictment was tech-

1. CRIMINAL LAW: indictment: duplicity.

nically insufficient to charge the offense of practicing as a physician without filing the required certificate with the recorder of the proper county, but it did charge, in sufficiently apt terms, that defendant had assumed to practice medicine in said county without obtaining the certificate prescribed by law, and that such act constituted an offense against the statute, without regard to the failure to file a certificate in the proper office. In other words, the indictment could omit all reference to the fact of filing or failure to file the certificate, and conviction could be had and upheld on the charge and proof that no such certificate had ever been obtained. Adhering to the rule of the cited case, it follows there is no duplicity in the indictment. The only charge of public offense made therein is the act of assuming to practice as a physician in Adair county without obtaining the proper certificate, and the further statement with reference to an alleged failure to file the same in said county may be disregarded as surplusage.

The appellant not having seen fit to preserve and present to us the testimony in the case, we are bound to assume it was sufficient to justify the court in submitting to the jury the issue raised upon the material allegations of the indictment by defendant's plea of not guilty.

2. SAME: appeal: failure to present the evidence: presumption.

What we have here said necessarily disposes of the further contention of the defendant that the indictment charges no offense against the statute. It is true that under a similar statute the Supreme Court of Nebraska has held an indictment in this form to be fatally defective. *Wilson v. State,* 89 Neb. 258 (131 N. W. 223); *Jones v. State,* 49 Neb. 609 (68 N. W. 1034). The theory of such holding seems to be that an allegation that the defendant assumed to act and practice as a physician, without having obtained the proper certificate, and without having recorded the same in a certain county, is not equivalent to or does not embody a charge that the accused had obtained no certificate. Without attempting any criticism upon the view thus maintained, we are inclined

to think the conclusion reached by us in the *Zechman* case does no violence to the language of such indictment or to any established rule intended for the protection of the accused.

It is moreover in strict harmony with our earlier holdings to the effect that the unessential portion of an indictment may be rejected as surplusage. See *State v. Freeman*, 8 Iowa, 428, and other cases cited in note to Code, section 5290.

3. SAME: indictment surplusage.

II. The abstract recites that, at different times in the examination of a witness by the county attorney, defendant objected to the prosecutor's use of the word "treatment," because it had not been used by the witness, whereupon the court remarked:

4. SAME: evidence: remarks of court.

Gentlemen of the jury, it does not make any difference by what name they refer to matters along that line, nor by what name they are called in the examination of the witness. You will not be governed by whatever name they may be called in the examination of the witness. It is the facts that we are trying to get at, without reference to what they are called, and the court will instruct you as to what constitutes the offense charged here.

Error is assigned upon this statement by the court. The record presents nothing upon which we can say the court erred. The evidence is not before us. There is no attempt to quote either the words or the substance of the testimony of the witness in question. The interrogatories to which objection is made do not appear further than the fact that the prosecutor frequently used the word "treatment," but in what connection or with what application there is no showing. In the absence of such record, we cannot undertake to question the propriety of the court's admonition to the jury that the issue to be decided was not one of mere names but of substantial fact, concerning which they would be duly instructed in the court's charge.

The abstract further recites that, upon cross-examination

of one of the state's witnesses, counsel for the defense asked him, "You have not had anything to do with starting this prosecution, have you?" and, upon objection by the state as to its materiality, the answer was excluded. No offer was made to show the interest or bias of the witness or to disclose to the court the nature or substance of the testimony sought to be elicited by the question. And, what is still more pertinent in this connection, there is not the slightest showing as to what the witness had testified to on his direct examination. So far as this court can tell, the testimony of the witness, though called by the state, may have had no tendency whatever to sustain the charge made in the indictment, and any attempt to show bias or interest on his part may for that reason have been entirely immaterial.

5. SAME: cross-examination: review on appeal.

III. The above disposes of all the exceptions argued in the original brief of counsel for appellant, all of which have been responded to on the part of the state. There has since been filed an "additional argument" in support of the appeal, in which other objections to the instructions given to the jury are argued. It is a sufficient answer to these points thus sought to be made that in their original brief counsel, in conformity to our rules, made a specific statement of the errors relied upon for a reversal of the judgment below. These were said to be: (1) In not granting defendant's motion to quash the indictment; (2) in not sustaining defendant's objection to the continuous use of the word "tretament" by the prosecutor; (3) in refusing to allow defendant to cross-examine the state's witnesses as to their interest in the case or connection with it; and (4) in instructing the jury concerning the relation of witnesses to the case after refusing to allow defendant to show on cross-examination what interest, if any, the state's witnesses might have in the prosecution.

No suggestion is there made of any objection to other instructions, nor were any such objections made anywhere in

the argument then filed. As we have already intimated, the rules require an appellant to disclose his hand and make known all the points upon which he relies in his opening argument, and he is held to have waived objections not indicated therein. We may say, however, that we have looked into the record and are of the opinion that, even if the objections to the instructions had been regularly raised, they would have to be held not well taken.

6. APPEAL: as-
signment of
errors.

Counsel say the effect of one instruction was to charge the jury that to sustain a conviction it was sufficient to show that defendant acted, or advertised, or held himself out to be a chiropractor, but this is not a fair interpretation of the court's language. What the court did instruct was that if the defendant, by such methods or in such manner, invited sick or diseased persons to come to him to be relieved from sickness or bodily infirmities, and he did receive such persons into his office and treated or "adjusted" such persons for the purpose of relieving their said ailments, then the jury would be authorized to find that he did publicly profess to cure and heal, within the meaning of the law. That this is a sound proposition of law, according to the terms of the statute, can hardly be questioned. Some point is also made that the court did not instruct specifically enough on the subject of reasonable doubt. The record shows that the court did charge the jury in substantial accord with the familiar rule, and there is no just ground for holding that defendant suffered any prejudice in this respect.

7. PHYSICIANS:
professing to
cure and heal:
chiropractors.

There is nothing to indicate that the defendant did not have a fair trial. It is quite evident that fundamental complaint is of the statute itself and of its enforcement as being essentially unjust and unduly restrictive upon the profession and practice of the healing art. Even if this objection be

justified, the court is without authority to right the wrong. The remedy is with the Legislature alone.

No prejudicial error has been shown, and the judgment below is—*Affirmed.*

LADD, C. J., and EVANS and PRESTON, JJ., concur.