STATE OF IOWA, Appellee, v. HERBERT BIGE, Appellant.

INDICTMENT AND INFORMATION: Dismissal and Resubmission.
1 The court may, in the absence of any attack on an indictment or on the legality of the grand jury returning it, set the indictment aside, if convinced that the grand jury was illegally drawn, and resubmit the case to another grand jury; and a later returned indictment is not subject to attack on the sole ground of such procedure.

INDICTMENT AND INFORMATION: Dismissal—Denial of Speedy
2 Trial. An accused who is tried at the first term following the return of an indictment, may not complain that he was not accorded a speedy trial because the indictment on which he was tried superseded a former dismissed indictment which had passed more than one term without trial.

LARCENY: Stolen Property as Evidence. Property identified as the
3 fruits of a larceny and found in the possession of the defendant or in the possession of an accomplice is properly received in evidence.

INDICTMENT AND INFORMATION: Formal Requisites—Order for
4 Indorsement of Name of Witness. The name of a witness may, under order of court, be indorsed upon the indictment when the testimony of the witness was duly returned, and when his name was inadvertently omitted in making the indorsements of names.

INDICTMENT AND INFORMATION: Requisites and Sufficiency—
5 Nondescription of Thing—Presumption. An allegation in an indictment to the effect that a more particular description of an article

was unknown to the grand jury need not be treated as material, in the absence of any testimony bearing thereon from either party.

**CRIMINAL LAW: Trial—Instructions—Correct But Not Elaborated.**
6  Instructions which are correct as far as they go are all-sufficient, in the absence of a request for elaboration.

**CRIMINAL LAW: Appeal—Assignment of Error—Conclusiveness.** An
7  appellant must stand on his original assignment of errors.

**CRIMINAL LAW: Accomplices—Corroboration.** Corroboration of the
8  testimony of an accomplice in a charge of burglary and larceny is made to appear by testimony that the defendant was arrested in a foreign state while traveling with the accomplice, and that portions of the stolen property were found in their possession in the only piece of baggage carried by them.

*Appeal from Wright District Court.*—EDWARD M. McCALL, Judge.

MAY 6, 1924.

REHEARING DENIED SEPTEMBER 26, 1924.

THE defendant was indicted, charged with larceny from a building in the nighttime. From a judgment upon a verdict of guilty, he appeals.—*Affirmed.*

*F. J. Lund* and *J. W. Henneberry,* for appellant.

*Ben J. Gibson,* Attorney-general, *Maxwell A. O'Brien,* Assistant Attorney-general, *J. A. Rogers,* and *J. M. Jenson,* County Attorney, for appellee.

VERMILION, J.—The indictment was returned by the grand jury on April 18, 1922, charging the defendant with the crime of stealing, on or about November 10, 1920, in the nighttime, from a store building, "certain clothing, shoes, hats, wool blankets, cigars, ladies' and gentlemen's wearing apparel, and divers and sundry other goods and merchandise kept for sale therein, a more particular description of said property being to the grand jury

1. INDICTMENT AND INFORMATION: dismissal and resubmission.

unknown at this time, of the aggregate value of $1,600 in lawful money of the United States.''

The defendant filed motions to set aside and dismiss the indictment, and for a dismissal for want of prosecution.

It appears that the defendant and one Roy Fortune had been jointly indicted for the same crime on February 7, 1921. On February 13, 1922, the defendants filed ''objections, exceptions, and challenge to the jury list, jury panel, and jurors.'' Upon these objections, a hearing was had, upon which facts were shown from which it appeared that the grand jury returning this indictment had not been legally drawn. Thereupon, the State, on February 14, 1922, moved the court to dismiss or set aside the indictment, and ''take such further action in the case as is provided by law and to the court seems proper and right.'' This motion was sustained; the charge was ordered submitted to another grand jury at the April term; and the defendants were admitted to bail. On the same day, the court entered an order reciting that, on the hearing on the objections of the defendants that the trial jury selected for the term had not been legally selected and drawn, it was found by the court that the purported lists of petit jurors, grand jurors, and talesmen returned by the judges and officers of election from several of the voting precincts in the county for the last election were not properly certified, and that in other respects the lists in various of the precincts were not selected, made, and returned as by law provided, and that by reason thereof new lists of petit jurors, grand jurors, and talesmen should be selected and drawn to serve for the remainder of the year 1922; and the board of supervisors was directed to select new lists of petit and grand jurors and talesmen to serve for the current year, as provided by law, and a day was set at which it should be done.

At the next, the April, term, before the impaneling of the grand jury, the defendant filed objections to the grand jury panel drawn in pursuance to the foregoing order. This motion was overruled. The indictment in this case was thereafter returned.

The same situation was before this court in *State v. Bige*, 195 Iowa 1342, and *State v. Fortune*, 196 Iowa 884, arising upon

indictments against this defendant and Fortune for another, but similar, offense. No merit was found in the complaints there made. The assignment of errors presents no new criticism for our consideration. The order of the court was fully authorized by Sections 337-a, 337-b, 337-c, and 337-d of the Code Supplement of 1913, and, so far as appears, the new jury list was prepared in strict conformity with the statute. The proposition now urged in argument, that the defendant did not raise any question, in his motions filed before the order of resubmission, as to the legality of the grand jury returning the first indictment, does not materially alter the situation. The first indictment was properly set aside on the motion of the State, on account of facts established by the defendant in his attack on the petit jury panel. See *State v. Bige,* supra; *State v. Carter,* 144 Iowa 371; *State v. Heft,* 148 Iowa 617; *State v. Wilson,* 166 Iowa 309; Code Section 5539.

Complaint is made of the overruling of defendant's motion for a dismissal for want of prosecution. This contention was also, in the cases cited, found to be without merit. The situation in this case was, in this respect, the same

2. INDICTMENT AND INFORMATION: dismissal: denial of speedy trial.

as in those cited, unless it be that the trial was held at a different term. There is no claim that the trial was not held at the next term following that at which the present indictment was returned.

The evidence on the part of the State tended to show that, on the night in question, the defendant and Fortune, in company with a Mrs. Campbell, whom the defendant has since married, and her sister, Naomi Purvis, a girl sixteen years old, drove from Webster City to Woolstock in an automobile. The car was stopped on a side street, and the defendant and Fortune went toward a building. In twenty or thirty minutes they returned, carrying something which they put in the car. They made one or two more trips, carrying loads. They then drove to Webster City, and stopped at the home of Campbell, where something was said in the presence of all of them about taking the goods in the car to a Jew at Ft. Dodge; and Fortune drove away in the direction of Ft. Dodge with the goods. On the following morning, it was discovered that the store of George H. Wheeler

in Woolstock had been entered, and a considerable quantity of merchandise stolen. On December 2, 1920, a search was made at the house where Fortune lived, between Webster City and Ft. Dodge, and a number of articles were found that were identified as having been stolen from the Wheeler store. About the same time, a secondhand store and pawnshop of one Selecovitz, a Jew, in Ft. Dodge, was also searched, and a large part of the stolen merchandise was found. Some two or three weeks after the visit of defendant and the others to Woolstock, but whether before or after the finding of the goods at the Fortune place and in Ft. Dodge is not entirely clear, the defendant told Mrs. Campbell and the Purvis girl that he was going south for his health. The two women went with him in his car to Des Moines. From there, the women went by train to Moberly, Missouri. They there met the defendant at a cafe, and the three went on in the car. The defendant said he was going to Colorado. Something went wrong with the automobile at Stoughton, Missouri, and they stayed there four or five days. They were arrested at Stoughton, and brought back to Iowa. A suit case and traveling bag were the only baggage carried in the car, and in these, various articles identified as having been stolen from the Wheeler store were found, and also a suit of clothing belonging to the defendant.

The testimony of the Purvis girl was offered by the State. She was evidently a reluctant witness, as indicated by her testimony and the fact that at one time a trial under the first indictment was postponed in order to secure her presence under an attachment.

Complaint is made of the admission of testimony as to the movements of the defendant after the commission of the crime. In this there was no error. *State v. Bige,* supra.

It is urged that the court erred in admitting testimony as to the searches at the Fortune place and the pawnshop in Ft. Dodge, and in admitting in evidence the articles found there and

3. LARCENY: stolen property as evidence.

in the traveling bags of the women that had been carried in the defendant's car during the trip in Missouri. We will not attempt to refer to all of the articles separately. The question of their identifica-

tion, as having been taken from the Wheeler store, was for the jury, as was also the question whether all the articles claimed to have been found in the suit case and traveling bag were there at the time of the arrest of the party in Missouri. The finding of stolen property in the possession of an accomplice may be shown. *State v. Bige,* supra, and cases there cited. The articles found in the pawnshop at Ft. Dodge were also admissible. The place answered the description of that where the jury was warranted in finding that it was agreed by the defendant and Fortune that the goods should be taken.

Error is assigned on the admission of the testimony of Henry Bossert, because his name was not indorsed on the indictment. It appeared that the witness had been examined

4. INDICTMENT AND INFORMATION: formal requisites: order for indorsement of name of witness.

before the grand jury, and a minute of his testimony was returned with the indictment, but by oversight his name was not indorsed thereon. The court directed the name of the witness to be put by the county attorney upon the back of

the indictment, and his testimony was received. In this there was no error. The failure to indorse on the indictment the names of all the witnesses examined before the grand jury is, by statute, made a ground for setting aside the indictment. Code Section 5319. No motion to set aside the indictment on this ground was made. The names of the witnesses so omitted may be subsequently indorsed on the indictment by the county attorney, under direction of the court. Code Section 5320. When this is done, the testimony of the witness may be received. *State v. Flynn,* 42 Iowa 164; *State v. Robinson,* 47 Iowa 489; *State v. Fowler,* 52 Iowa 103; *State v. Story,* 76 Iowa 262; *State v. Beal,* 94 Iowa 39; *State v. Marshall,* 105 Iowa 38. Whether the shoes and the box containing them which this witness saw in the possession of Fortune were taken from the Wheeler store, was a question for the jury.

The failure of the court to instruct that the truth of the allegation in the indictment that a more particular description of the property alleged to have been stolen was to the grand jury

5. INDICTMENT
AND INFORMA-
TION: requisites
and sufficiency:
nondescription
of thing:
presumption.

unknown must be established by the State, was not error. *State v. Fortune,* supra. Nor was it error to fail to instruct as to included offenses, under the circumstances. *State v. Haywood,* 155 Iowa 466; *State v. Fortune,* supra.

The latter case also disposes of the contentions that the indictment is defective in that it does not allege the value of each article alleged to have been stolen; and that it was necessary for the State to establish the larceny of all the goods so alleged to have been stolen and the aggregate value; and that instructions in reference to these matters were erroneous.

An instruction on the necessity of corroboration of the testimony of the accomplice, Naomi Purvis, by other evidence tending to connect the defendant with the commission of the offense, followed the language of the statute. It was not erroneous.

The court gave no instruction on the subject of the presumption arising from the recent possession of stolen property. No complaint is made of this, but of the fact that no instruction was given limiting such presumption to property

6. CRIMINAL LAW:
trial: instruc-
tions: correct
but not
elaborated.

found in the exclusive possession of the defendant, and that no reference was made in the instructions to the property found at the place where Fortune was staying. No instruction was requested by the defendant on this subject, and he cannot complain. *State v. Hathaway,* 100 Iowa 225; *State v. Seevers,* 108 Iowa 738; *State v. Viers,* 82 Iowa 397; *State v. Kennedy,* 195 Iowa 1059; *State v. Poder,* 154 Iowa 686; *State v. Cameron,* 177 Iowa 379. Moreover, in any instruction on the subject, it could very properly, under the circumstances, have been said that, if the stolen property was in the joint possession of the defendant and others, for the use and benefit of the defendant and others jointly, then the presumption of guilt would arise. *State v. Stutches,* 163 Iowa 4; *State v. Kennedy,* supra. No prejudice to defendant resulted from the failure to so instruct.

In a supplemental brief and argument, defendant assigns error on the admission in evidence of two revolvers found in the defendant's car at the time he was arrested in Missouri.

7. CRIMINAL LAW: appeal: assignment of error: conclusiveness. This question was not presented in the original assignment of errors, save as the exhibit marks given the revolvers were included, with the marks given fifteen other exhibits, in an assignment that it was error to admit the exhibits. Under such circumstances, we are not required to consider the question. *State v. Frutiger,* 167 Iowa 550. However, we may say that the finding of the revolvers was merely one of the circumstances of the defendant's alleged flight and his arrest while so engaged; and the admission in evidence of the revolvers found in the car in which the defendant and two accomplices, with a portion of the stolen property in their possession, were increasing the distance between themselves and the scene of the crime, was not prejudicial. *State v. Bullis,* 196 Iowa 480; 16 Corpus Juris 619. The situation is very different from that in *State v. Kehr,* 133 Iowa 35, cited by appellant.

The arrest of the defendant beyond the state, while traveling in company with two alleged accomplices, and with a portion of the stolen property in their possession in the only pieces of baggage found with them, and in the same suit case with articles of a man's clothing, was sufficient to corroborate the testimony of the accomplice, and to connect the defendant with the commission of the offense. No testimony was offered on behalf of the defendant.

8. CRIMINAL LAW: accomplices: corroboration.

The judgment is—*Affirmed.*

ARTHUR, C. J., STEVENS and DE GRAFF, JJ., concur.