## THE STATE v. WALTERS.

1. **Criminal Law**: ASSAULT WITH INTENT TO COMMIT RAPE: EVIDENCE. Under an indictment for assault with intent to commit rape, evidence of previous assaults upon the prosecutrix is admissible to show the intent with which the act charged was committed.

2. ————: EVIDENCE: ANOTHER OFFENSE. Evidence of another distinct substantive offense is not admissible to establish defendant's guilt of the offense laid in the indictment.

3. ————: PRACTICE: INSTRUCTION. It is the duty of the court to instruct the jury that if they have a reasonable doubt of the degree or character of the assault, they should only convict of a lower degree of crime included within that charged in the indictment.

*Appeal from Allamakee District Court.*

TUESDAY, MARCH 20.

THE defendant was indicted, tried, convicted and sentenced, for an assault with intent to commit a rape upon the person of one Mina Shepard. Defendant appeals.

*Dayton & Dayton*, for appellant.

*M. E. Cutts, Attorney General*, for the State.

ROTHROCK, J.—I. The indictment charges that the alleged crime was committed about June 1, 1874. The complaining

1. CRIMINAL LAW: ASSAULT WITH INTENT TO COMMIT RAPE: EVIDENCE.

witness in her testimony detailed an assault which she alleged the defendant committed upon her in June or July, 1874, while on the way from defendant's residence to the village of Waukon. She also testified to a number of other assaults of the same character, some of which occurred sometime prior to finding of the indictment. Objection was made to any proof of assaults unless confined to the time specified in the indictment, and to a time within the statute of limitations. The objection was overruled and exceptions taken. To the introduction of this evidence we believe there can be no valid objection. In an indictment for an assault with intent to commit a rape, evidence of previous

assaults on the prosecutrix is admissible to show the intent with which the act charged was committed. Wharton's American Criminal Law, 301.

II. The State introduced as a witness one Dora Shepard, who testified that the defendant had repeatedly assaulted her 2. ——: evi- with intent to commit rape. The assaults which dence: anoth- er offense. she testified to have no connection whatever with the alleged assault committed upon the complaining witness, and some of them occurred several years before the indictment was found. Objection was made to this evidence, which was overruled and proper exceptions taken.

This ruling of the court was erroneous. It is a general rule that nothing shall be given in evidence which does not directly tend to the proof or disproof of the matter in issue. Evidence of a distinct substantive offense cannot be admitted in support of another offense. Proof of some other felony committed at a different time and upon or against another person, and having no connection with the crime charged, is not admissible. Whatever exceptions there may be to this rule in cases where distinct transactions are allowed to be shown, to establish the *scienter* or *quo animo*, we think this evidence is not of that character. Counsel for the State has cited us to no authority sustaining the ruling of the court below in admitting this evidence, and we have been unable to find any adjudicated case which supports such rule.

III. The court gave to the jury the following instruction: "The form of your verdict will be, "we, the jury, find the 3. ——: prac- defendant guilty; or, we, the jury, find the defend- tice: instruc- tion. ant not guilty."

The instructions did not inform the jury that it was competent for them, under the indictment, to find the defendant not guilty of the crime charged, but guilty of an assault, or an assault and battery, if they should believe from the evidence that such finding would be proper; nor were they advised that if they had a reasonable doubt of the degree or character of the assault, that they should only convict of the lower degree. Code, Sec. 4429. The instruction above quoted excluded from the consideration of the jury a material issue in the case, and

compelled a verdict either of guilty as charged in the indictment or not guilty. We think this is erroneous.

There are other alleged errors, some of which present important questions; but as no argument has been made upon the part of the State, and as the cause must be reversed for the errors above enumerated, we will not consider them.

REVERSED.