THE STATE v. WOOD.

1. **Criminal Law**: LARCENY: INTENT. To constitute the offense of larceny, possession of the property must have been acquired with the intent to steal it, and, if the original possession was innocent, the defendant is not guilty even though he may have subsequently conceived the purpose of appropriating it.

2. ———: ———: DEGREE OF PROOF. Under an indictment for larceny the value of the property alleged to have been stolen must be established beyond a reasonable doubt, mere preponderance of evidence that it exceeds twenty dollars not being sufficient to justify a conviction for the greater offense.

*Appeal from Des Moines District Court.*

THURSDAY, JUNE 7.

THE defendant was indicted, tried, convicted and sentenced, for the crime of larceny. The necessary facts appear in the opinion.

*Dodge & Dodge*, for appellant.

*J. F. McJunkin*, Attorney General, for the State.

ROTHROCK, J.—I. The property alleged to have been stolen was a guitar of the value of fifty dollars. It appears from the evidence that the defendant obtained possession of the guitar with the avowed purpose of repairing it. He had it some two weeks, in the meantime using it for the purpose of giving lessons in music; at the end of which time he left the neighborhood, taking it with him. It was found in the possession of another person in the State of Illinois. The instructions of the court contain nothing as to the elements of the crime of larceny applicable to the evidence in the case. It may be that if the original taking had been confessedly wrongful and felonious, upon a contest as to the defendant being the guilty party, the charge would have been so easily understood that the ordinary juror would have needed no instructions upon this point in the case.

But it was conceded that the owner of the guitar placed it in the possession of the defendant, and, in order to convict him of larceny, it was necessary that the State should show that the possession was taken with the intent then existing in the mind of defendant to steal the property. This intent might, it is true, have been shown by the subsequent acts and conduct of the defendant. We think it was due to the defendant that the jury should have been instructed in substance that if the original possession was innocent, and the defendant afterwards conceived the purpose of appropriating the property to his own use, he was not guilty of larceny. Wharton's Am. Crim. Law, 671.

II. Much of the evidence in the case was directed to the question as to the value of the property which was alleged to have been stolen. Some of the witnesses put the value at a sum exceeding $20 and others at less than that amount. The court instructed the jury that they should determine the value by a fair preponderance of the evidence, instead of beyond any reasonable doubt. This, we think, was erroneous. Sec. 3902 of the Code provides that "if any person shall steal, take and carry away, of the property of another, any money, goods, or chattels, etc., he is guilty of larceny; and shall be punished, when the value of the property stolen exceeds twenty dollars, by imprisonment in the penitentiary not more than five years; and when the value of the property stolen does not exceed twenty dollars, by fine not exceeding one hundred dollars, or imprisonment in the county jail not exceeding thirty days."

2. ——: ——: degree of proof.

The stealing of any property of any value is larceny, and the degree of the crime and the extent of the punishment, under the statute, depend upon whether the value exceeds twenty dollars.

Sec. 4429 of the Code provides that "where there is a reasonable doubt of the degree of the offense of which the defendant is proven to be guilty, he shall only be convicted of the lower degree." The jury are required to find the value of the stolen property, and in so doing they determine the degree of the offense. They should have been instructed that, if they

had a reasonable doubt upon all the evidence as to the value of the property being greater than twenty dollars, they should find the value to be twenty dollars or less.

III. Other alleged errors are presented in argument. They relate to objections to the instructions upon other questions in the case. We do not regard these objections as well taken. It is not necessary to discuss them, or make further reference to them.

REVERSED.