## THE STATE v. NEWCOMB.

1. **Practice in the Supreme Court**: BILL OF EXCEPTIONS: TIME FOR
   SIGNING.   In criminal as well as civil actions the evidence must be
   preserved by bill of exceptions, or certificate of the trial judge, made at
   the trial term or within the time then fixed therefor by the court, and a
   judge's certificate or bill of exceptions signed after the expiration of such
   time will not be considered by the Supreme Court.

### *Appeal from Story District Court.*

### TUESDAY, JUNE 14.

THE defendant was convicted of obtaining the signature of
another to a written instrument by false pretenses, and ap-
peals to this court.   The facts of the case involved in the
points ruled by the District Court appear in the opinion.

*S. F. Balliet,* for appellant.

*S. McPherson, Attorney General,* for the State.

BECK, J.—I.   At the last December term of this court, the
evidence found in the transcript and abstract was stricken
out, for the reason that it was not made a part of
the record, by bill of exception or certificate of.
the judge.   At the next term at Council Bluffs
defendant moved the court to reinstate the evi-
dence, upon the ground that a certificate of the judge trying
the case had been procured since the cause was docketed in
this court.   This motion first requires our attention.

II.   The cause was tried and judgment rendered against
defendant, February 16, 1880, and the time for filing a bill
of exceptions was extended for sixty days.   No bill of excep-
tions was ever filed, and before the cause was brought to this
court the evidence was not certified or identified in any man-
ner, but during, or after, the December term, a certificate of
the judge trying the cause was filed in this court, intended
to show that all the evidence is set out in the transcript and
abstract.   This certificate was dated December 16, 1880.

It may be conceded that the certificate of the judge trying a case, sufficiently setting out or identifying the testimony, will take the place of a bill of exceptions for the purpose of making the evidence a part of the record. Code, §§ 2832, 4481, 4482; *The State v. Fay*, 43 Iowa, 651.

The bill of exceptions, or certificate taking its place, must be made at the time of the trial, or at such time as the court may fix. Code, §§ 4483, 4484, 4485, 4486. In this case the certificate was not made within sixty days, the time prescribed by the order of the court. It cannot surely be claimed that the order may be disregarded, and the certificate or bill of exceptions may be signed at any time. Such a practice, if sanctioned by this court, would lead to the greatest uncertainty as to the substance of records, and to serious abuses. The judges trying causes are required to make up the record at a time when all the transactions of the trial and evidence introduced are fresh in the mind. Unless the time be extended, bills of exceptions must be signed at the term of trial. It is presumed that the judge, knowing that there will be a future day fixed by his order when he will be called upon to sign a bill of exceptions, would retain in his memory, aided by memoranda or the like, the facts of the case. If he be called upon longer after the time fixed for settling the bill of exceptions, he might be unprepared, by failure of memory, to state the facts with correctness. In the case before us, seven months elapsed after the time fixed for settling the bill of exceptions. We cannot think that, in all cases, the facts of the trial may be retained so long a time in the memory with confidence in its accuracy. But, if we sanction a bill of exceptions settled seven months after the trial, or after the day fixed for its settlement, what shall be the limit of the time in which the record may be made by the judge? There could be none.

III. The statute prescribing the time of making bills of exceptions in civil cases is similar to the provisions of the Code applicable to criminal cases. We have repeatedly ruled that a bill of exceptions made after the term prescribed by

law, or the order of the court below, will not be regarded in this court. *Parmenter v. Elliott*, 45 Iowa, 317; *Frost v. Senior*, 44 Id., 706; *St. John v. Wallace*, 25 Id., 21; *Lynch v. Kennedy*, 42 Id., 220; *Lloyd v. Beadle*, 43 Id., 659.

The record before us, after the evidence is stricken out, presents no ground for disturbing the judgment of the court below. We have given it proper consideration. The instructions appear to be correct statements of legal propositions. Counsel for defendant complains of them only on the ground that they are not applicable to the evidence. As the testimony is not before us, it is impossible for us to consider this objection. The judgement of the District Court is . AFFIRMED: