## THE STATE v. JAY.

1. **Criminal Law:** INSTRUCTIONS: REASONABLE DOUBT. Where the instructions in a prosecution for a rape omitted to refer to the provision of § 4429, Code, and to state fully that where there was a reasonable doubt as to the degree of guilt, the defendant could be convicted of the lower degree only; *Held*, erroneous and prejudicial.

*Appeal from Kossuth District Court.*

TUESDAY, OCTOBER 25.

THE defendant was indicted for the crime of rape. He was convicted of an assault with intent to commit a rape, and he appeals.

· *H. H. Bush* and *J. H. Hawkins*, for appellant.

*Smith McPherson, Attorney General*, for the State.

ROTHROCK J.—The court instructed the jury that if they found the defendant was not guilty of rape they should then proceed to determine whether he was guilty of an assault with intent to commit a rape, and that if they found that the defendant was neither guilty of a rape, nor of an assault with intent to commit a rape, they should then proceed to ascertain whether he was guilty of an

assault and battery, or a single assault. In the 13th instruction given by the court to the jury upon the point as to the reasonable doubt which entitles a party to an acquittal, no reference is made to the provision contained in section 4429 of the Code, that "when there is a reasonable doubt as to the degree of the offense of which the defendant is proven to be guilty he shall only be convicted of the lower degree." Indeed the instructions throughout are silent as to this rule of law. We think the defendant was entitled to full instructions upon the question of reasonable doubt, and such as were applicable to the character of the crimes included in the indictment, and that as the instructions omitted the important qualification, that a conviction could only be had for the highest crime included in that charged, of which there was no reasonable doubt of guilt, under the evidence, the omission was prejudicial to the defendant. See *State v. Walters*, 45 Iowa, 389.

Other objections to the rulings of the court are discussed by counsel which we do not regard as well taken. For the error in the instructions above pointed out the judgment of the District Court will be

REVERSED.