THE STATE v. NEIS.

1. **Rape**: INSTRUCTION AS TO INFERIOR OFFENSES AND REASONABLE DOUBT. On a trial for rape, where the court instructed the jury that they might find the defendant guilty not only of rape, but of any of the inferior offenses included under the indictment, (naming them,) if the evidence showed that he was guilty of either, *held* that it was prejudicial error not to instruct further that, if they had any reasonable doubt as to the degree of the offense of which he was guilty, they should convict only of the lesser offense. *State v. Walters*, 45 Iowa, 389, and *State v. Jay*, 57 Id., 164, followed.

*Appeal from Keokuk District Court.*

WEDNESDAY, APRIL 7.

THE defendant was convicted of the crime of rape, and sentenced to a term of imprisonment in the penitentiary, and from this judgment he appeals to this court.

*Mackey & Fonda, George D. Wooden* and *John J. Seerly* for appellant.

*A. J. Baker, Attorney-general*, for the State.

REED, J.—On the trial the district court instructed the jury, in effect, that if the evidence showed that the accused was guilty either of rape, or assault with intent to commit rape, or assault and battery, or simple assault, he might be convicted of such offense under the present indictment. It did not instruct them, however, that if they had any reason-

able doubt as to the degree of the offense of which he is guilty they should convict only of the lower degree. The charge of the court in this respect is precisely like that given by the district court in *State v. Jay*, 57 Iowa, 164, and it was held by this court in that case that the omission to so instruct the jury was prejudicial error. The same ruling was also made in *State v. Walters*, 45 Iowa, 389.

Counsel for defendant take exceptions to some of the instructions given by the court. Without setting them out, we deem it sufficient to say that we think they are correct. It was also urged in argument that the verdict is not supported by the evidence; but in view of the fact that a new trial must be granted on the ground above pointed out, we think it would not be proper for us to discuss the evidence on this appeal.

REVERSED.