## THE STATE v. McCARTY.

1. **Larceny: DEGREE: REASONABLE DOUBT: INSTRUCTIONS.** Under § 4429 of the Code, where there is a "reasonable doubt of the degree of the offense of which the defendant is guilty, he shall only be convicted of the lower degree." And on a trial for grand larceny, the jury should be instructed that, if they have a reasonable doubt upon all the evidence as to the value of the stolen property being greater that twenty dollars, they should find the value to be twenty dollars or less, (following *State v. Wood*, 46 Iowa, 116,) and the instructions in this case, (see opinion,) failing in that particular, are *held* erroneous and prejudicial to defendant, since he was convicted of grand larceny, and it does not appear absolutely certain from the evidence that the property was worth more than twenty dollars.

*Appeal from Montgomery District Court*—HON. GEO. CARSON, Judge.

FRIDAY, OCTOBER, 21.

INDICTMENT for the larceny of a cow of the alleged value of $40. Trial by jury; verdict, guilty; judgment that the defendant be imprisoned in the penitentiary; and he appeals.

*W. S. Strawn*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

SEEVERS, J.—The court instructed the jury as follows: "(7) By the defendant's plea of not guilty every material allegation in the indictment is controverted or denied; and it is incumbent upon the state to prove such allegations beyond all reasonable doubt; that is, every allegation must be so clearly proved to your minds as that all doubt is removed as to the defendant's having committed the acts charged with the intent purposely and designedly to deprive the owner of his property. In other words, the defendant is to be presumed innocent until his guilt is established, as stated, beyond all reasonable doubt; and to determine this you must weigh all the facts and circumstances adduced by the state, so that no other reasonable or rational conclusion can be reached than

that of the guilt of the defendant. Otherwise, you must acquit him." In another instruction the jury were directed to determine the market value of the cow; and that the "exact value is not material except to determine whether the value of the property taken is more than twenty dollars."

It is provided by statute that, where there is a "reasonable doubt of the degree of the offense of which the defendant is guilty, he shall only be convicted of the lower degree." (Code, § 4429.) In *State v. Wood*, 46 Iowa, 116, it is said that the jury "should have been instructed that, if they had a reasonable doubt upon all the evidence as to the value of the property being greater than twenty dollars, they should find the value to be twenty dollars or less." No such instruction was given in the case at bar; but, on the contrary, it seems to us that the instructions, when fairly considered, do not direct the jury that they must find beyond a reasonable doubt that the value of the cow exceeded $20, and therefore the instructions given are erroneous. If the jury are not satisfied beyond a reasonable doubt that the value of the property stolen exceeds the amount named, they must find it was less than that. The statute, in express terms, so requires, and it is the duty of the court to say that such is the law. A failure in this respect must be regarded as prejudicial error, unless, possibly, there is no possible doubt under the evidence that the property was of greater value than $20. We do not regard the evidence in this case to be of that character. REVERSED.