STATE OF IOWA V. ROBERT SYLVANUS HATHAWAY, *et al.*,. Appellants.

**Opinion Evidence: VALUE.** Where the articles stolen consisted of a trunk, containing the family wearing apparel, the wife of the prosecutor, having testified that she knew the value of the articles, is competent to testify as to such value, though she may not have known the value in a second-hand store or at public auction.

**Instructions: OBJECTIONS:** *Request.* The judgment of a trial court in a criminal case will not be reversed for error in instructions, where objection was not made and exception taken at the time; nor for failure to give instruction, where no request for such instruction was made at the time, unless it appear that such failure deprived the defendant of a fair trial.

**Objection to Charge.** An objection made in a motion for a new trial, to a portion of a charge as given, is insufficient to raise the question as to whether the trial court erred in not giving an additional charge on the same subject, not asked, but to which the accused was entitled.

**Exceptions: NUNC PRO TUNC ORDER:** *Order in vacation.* An order entered in a criminal case in vacation, six months after judgment, reciting that the record did not show that exception had been taken to the instructions given, and that exceptions should there-fore be entered as of the date of the instructions, is unauthorized, and of no effect.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

THURSDAY, DECEMBER 10, 1896.

THE defendants, Robert Sylvanus Hathaway and William Jacob Palmer, were convicted of the crime of larceny, and from the judgment, which required them to be imprisoned in the penitentiary at Fort Madison for a term of years, they appeal.—*Affirmed.*

*T. D. Hastie* for appellants.

*Milton Remley*, attorney general, *James A. Howe*, county attorney, and *Jesse A. Miller* for the state.

ROBINSON, J.—The indictment charges the defendants with larceny of property, of B. T. Kent, of the value of fifty dollars. The defendants pleaded not guilty to the charge, but the jury found them guilty, and fixed the value of the property stolen at twenty-five dollars. That the defendants were guilty of stealing the property in question is not denied in this court, but it is insisted that its value is less than twenty dollars, and that they were convicted of a higher degree of the offense charged than that of which they were guilty.

I.   Mrs. Alice Kent, the wife of B. T. Kent, testified that the property stolen included a trunk and its contents, which consisted of numerous articles of wearing apparel, and that its reasonable market value was about fifty dollars. The defendants moved to strike out her testimony, on the ground that she was not shown to be competent to testify to the value in question, but the motion was overruled. We are of the opinion that the ruling was correct. The clothing belonged to herself and husband, had been used by them and their children, and she was entirely familiar with it. She testified that she knew its value, and, although she may not have known what it would sell for in second-hand clothing stores, nor at public auction, the facts shown in regard to her knowledge justified the presumption that she knew its fair market value, and made her testimony competent. *Tubbs v. Garrison*, 68 Iowa, 48 (25 N. W. Rep. 921). She showed a greater knowledge of the actual value of property than did two dealers in second-hand clothing who testified for the defendants,

and her testimony was more satisfactory than theirs. The evidence justified the jury in fixing the value of the property stolen at twenty-five dollars.

I. The only instruction given by the court in regard to the method of fixing the value of the property, was as follows: "(5) If you shall find the defendant guilty of the larceny of the goods described in the indictment, or some part thereof, it will become your duty to determine the market value of the property which you shall find they thus stole. By the words 'market value,' as here used, is meant the price or prices at which the property could ordinarily be bought and sold, by or between persons who would ordinarily buy and sell such goods for cash, or trade at an equivalent for cash. In determining such value, you are not necessarily confined to the price at which dealers in second-hand clothing would buy or sell the property, but you should ascertain and return the sum which you shall find, upon a consideration of all the facts shown in the evidence and the evidence of all the witnesses, to be the reasonable market value thereof, as above defined." The appellants suggest that this instruction is erroneous, in not confining the jury to a consideration of the testimony as to value given by the dealers in second-hand clothing. We have already stated that the testimony of Mrs. Kent, as to the value, was competent, and the instruction is not erroneous in the particular in which it is questioned. We do not understand the appellants to claim that it was erroneous in any other respect, but they contend that the court erred in not charging the jury that, if it had a reasonable doubt as to whether the value of the property stolen was more than twenty dollars, they should find it to be twenty dollars or less. That it was the right of the defendants to have had such an instruction given is well settled. *State v. Wood,* 46 Iowa, 117; *State v. McCarty,*

73 Iowa, 51 (34 N. W. Rep. 606); *State v. Neis,* 68 Iowa, 469 (27 N. W. Rep. 460); *State v. Jay,* 57 Iowa, 164 (10 N. W. Rep. 343); *State v. Walters,* 45 Iowa, 390. No instruction in regard to value was asked by the defendants, and it is claimed on the part of the state that no exception was taken to the charge given, and, therefore, the defendants cannot rely upon the error of the court to secure a reversal. It is the general rule, applicable in criminal as well as in civil cases, that the judgment of the trial court will not be reversed for an error in giving, or failing to give instructions to the jury, where objection to the error is not made and exception taken at the time it is committed. *State v. Callahan,* 96 Iowa, 304 (65 N. W. Rep. 150); *State v. Moran,* 7 Iowa, 238; *State v. Hussey,* Id. 411; *State v. Reasby,* 100 Iowa, *post* (69 N. W. Rep. 451. It is true that section 4538 of the Code requires this court to determine appeals in criminal cases without regard to technical errors or defects which do not affect the substantial rights of the parties; but the failure of a defendant to object to an instruction at the time it was given cannot be regarded as a technical error of the kind contemplated by that section. Had the error in question been called to the attention of the court, it would no doubt have been corrected; but the only objection which the record shows to have been made to the charge is set out in the motion for a new trial in the following words: "The court erred in giving the fifth instruction as given by the court." That did not suggest that the error was one of omission, but rather that the instruction was erroneous in its statement of the law. It is the right of both the state and the defendant in a criminal case, to ask instructions to the jury. Code, section 4440. And when those given are not erroneous, the judgment of the district court will not be reversed for a failure to give

instructions not asked, unless in an exceptional case, when this court is satisfied that the failure to instruct properly has deprived the defendant of a fair trial. *State v. Helvin*, 65 Iowa, 291 (21 N. W. Rep. 645). We are not satisfied that justice has not been done in this case. The defendants were represented in the district court by a competent attorney, the jury was instructed in regard to the method of fixing the value of the stolen property, and its verdict appears to have been fully authorized by the evidence.

III.    It is claimed by the appellants that exceptions were duly taken to the instructions, and to support that claim they rely upon an order of which a copy is as follows: "Be it remembered that on this twenty-fourth day of August, 1896, it appearing to the court that the records in the above-entitled case do not show that the defendants have an exception to the instructions given by the court, and that the defendant did take exception to each and all instructions at the time they were given. It is therefore hereby ordered that said exceptions be entered of record as of the date on which said instructions were given. C. P. Holmes, Judge of the District Court, Polk County, Iowa." This order was made in vacation, more than six months after the judgment was rendered. Without deciding that, had exception been taken as recited in the order, it would have been sufficient to present the objection upon which the defendants rely, we state our conclusion to be that the order we have set out is without legal effect. The statute provides for the correction of errors in the court records. The clerk is to read in open court all the entries made of record, and, when correct, they are to be signed by the judge. Code, section 176. When records cannot be prepared and approved during the term, they may be read, corrected, and approved at the next succeeding term. Entries authorized to be

made in vacation, shall be read, approved, and signed at the next term of the court. Code, section 177. These records are under the control of the court, and may be amended, or any record therein expunged, at any time during the term at which it is made or before it is signed by the judge. Section 178. And entries made, approved, and signed at a previous term can be altered only to correct an evident mistake. Section 179. These provisions, although they do not refer to exceptions to instructions, show the policy of the law in regard to the keeping and correction of court records. They are to be read and approved by the judge in open court, and not in vacation. Section 183, provides that, "with consent of parties, actions, special proceedings, and other matters pending in the courts [district] named in this chapter may be taken under advisement by the judges, decided and entered of record in vacation, or at the next term; if so entered in vacation they shall have the same force and effect from the time of such entry as if done in term time." But the order in question does not appear to have been made in a matter taken under advisement with the consent of the parties, nor on notice to the adverse party. Judges are empowered to make certain orders in vacation, but our attention has not been called to any provision of the law which authorized the order in question. It appears to have been made by a judge in vacation without jurisdiction. It was made too late to serve as a bill of exceptions. *State v. Newcomb*, 56 Iowa, 335 (9 N. W. Rep. 290). As a *nunc pro tunc* order it is without effect, for the reason stated. We are satisfied that substantial justice has been done in this case, and the judgment of the district court is AFFIRMED.