## STATE OF IOWA V. ED. BURTON, Appellant.

**Instructions:** DEGREE OF LARCENY: *Reasonable doubt.* An instruction giving substantially the provision of Code 1873, section 4429, that where there is a reasonable doubt of the degree of defendant's offense, he shall only be convicted of the lower degree, is not required on trial for larceny of hogs, where the uncontradicted evidence shows that defendant, if guilty at all, was guilty of grand larceny.

**Appeal:** RECORD BY AFFIDAVIT: *Misconduct.* An affidavit alleging misconduct of counsel in making improper statements in their arguments to the jury is not competent evidence of such misconduct, on appeal, but the alleged improper statements should be set out in the bill of exceptions.

OBJECTIONS: *Waiver.* The right to object to the competency of affidavits as proof of statements made by a torney in argument, where they are not preserved in the bill of exceptions, is not waived by the filing of counter-affidavits.

*Appeal from Jasper District Court.*—HON. D. RYAN, Judge.

THURSDAY, OCTOBER 7, 1897.

THE defendant was convicted of the crime of larceny, and appeals from the judgment which required that he be imprisoned in the state penitentiary at Ft. Madison, at hard labor, for a term of three years.— *Affirmed.*

*W. R. Lewis* and *John T. Scott* for appellant.

*Milton Remley,* attorney general, and *Jesse A. Miller* for the state.

ROBINSON, J.—The indictment charges that the defendant committed the crime of larceny in January, 1894, by stealing six hogs, each of which was of the

actual value of six dollars. The verdict of the jury found the defendant guilty as charged, and fixed the value of the hogs stolen at forty-eight dollars and seventy-five cents.

I.   Section 4429 of the Code of 1873, is as follows: "Where there is a reasonable doubt of the degree of the offense of which the defendant is proven to be guilty, he shall only be convicted of the lower degree." In larceny the extent of the punishment depends upon the value of the property stolen. If that be more than twenty dollars, the offense is punishable by imprisonment in the penitentiary for not more than five years; and, where the value does not exceed that sum, the offense is punishable by a fine not exceeding one hundred dollars, or by imprisonment in the county jail not exceeding thirty days. Code 1873, section 3902. The section quoted was considered in *State v. Wood*, 46 Iowa, 116, a case in which the defendant was tried for the crime of larceny. This court held that the trial court erred in not instructing the jury that, if it had a reasonable doubt, upon all of the evidence, as to the value of the property being greater than twenty dollars, it should find the value to be twenty dollars or less. But much of the evidence in that case was as to the value of the property stolen, some of the witnesses stating that it was more, and others that it was less, than twenty dollars. In *State v. McCarty*, 73 Iowa, 51 (also a case involving larceny), it was said to be the duty of the court to instruct the jury according to the rule stated in *State v. Wood, supra*, and that a failure to do so must be regarded as prejudicial error, unless there was no possible doubt, under the evidence, that the stolen property was of greater value than twenty dollars. Neither of the cases cited is authority for the rule that the instruction in question should be given in every case in which the defendant is on trial

for larceny. Where there is no room for doubt as to the value of property taken, there is no occasion to instruct the jury that, if there is any reasonable doubt as to its value, it must be fixed at twenty dollars or less. This is a case of that kind. The evidence showed, beyond question, and without conflict, that if the defendant was guilty of the offense charged, he had stolen six hogs, if not seven, and that their value was not less than forty dollars. The conflict in the evidence related to the ownership of all of the hogs in question, not to a part of them only, nor to the value of any of them. The court did not give the instructions we have considered, and, in view of the facts in the case, was not required to do so. See *State v. Cater*, 100 Iowa, 501, and cases therein cited; also, *State v. Smith*, 102 Iowa, 656.

II. The only other question presented in behalf of the appellant, relates to alleged misconduct of attorneys for the state in making improper statements in their arguments to the jury. The alleged misconduct is shown only by affidavits, and is not set out in the bill of exceptions. We have frequently held, that we would not consider charges of such misconduct which occurred, if at all, in the presence or within the knowledge of the court, unless it was shown by bill of exceptions. That rule was first announced by us in *Rayburn v. Railway Co.*, 74 Iowa, 641, and has since been approved and followed in numerous cases, both civil and criminal. *State v. Bigelow*, 101 Iowa, 430; *State v. Helm*, 97 Iowa, 378; *State v. La Grange*, 99 Iowa, 10. We held in *State v. Whalen*, 98 Iowa, 662, that affidavits of jurors, attached to a motion for a new trial, became a part of the record, by being filed with the motion to which they were attached. That conclusion was based upon the provisions of section 4482 of the Code, which refers to criminal cases. We did not hold, however,

that, by making an affidavit a part of the record in that manner, it becomes competent evidence. There is a wide difference between making a paper a part of the record and making it competent evidence to prove a fact. In *State v. La Grange*, 99 Iowa, 10, we held that, although affidavits which charged that the court had made improper remarks during the trial were made of record by filing them, yet they were not competent to show the alleged misconduct; that, as what was said was necessarily known to the court, the remarks in question should have been embodied in a bill of exceptions. What was there said in regard to remarks by the court, is applicable to statements made by attorneys in the presence of the court. It is said, however, that no objection was made in the district court to showing the statements objected to by means of affidavits, and that the state filed counter-affidavits, thereby waiving any objection which might otherwise have been urged to the method of preserving the statements which was adopted, and that the appellant does not make any objection to the counter-affidavits, but asks that they be considered. In the case of *Rayburn v. Railway Co., supra,* counter-affidavits had been filed; yet the effect of filing them was not regarded as a waiver of the right to object to the competency of the affidavits. We conclude that we have no competent proof of statements made by attorneys in argument, and we cannot say that there was any misconduct of which complaint is made. If the witnesses for the state were credible, and, in view of the verdict returned by the jury, we must conclude that they were, the evidence of the guilt of defendant is ample and satisfactory. We do not find any ground upon which to disturb the judgment of the district court, and it is AFFIRMED.