STATE OF IOWA, Appellee, v. JOHN HEFT, Appellant.

**Criminal Law:** GRAND JURY: SELECTION. The court may, during the term, reconvene the same grand jury, or it may recall the whole panel and order the drawing of a new jury, and a valid indictment can be found by either. And even if there was a technical irregularity in drawing the jury it would not affect the validity of an indictment found by it, unless it could be reasonably inferred that the defendant was prejudiced thereby.

**Same:** RAPE: INDICTMENT: DUPLICITY. An indictment charging assault and rape on a female under fifteen years of age is not subject to the objection that it charges two offenses; as the age of the female precludes consent, and if the crime was committed against her will there would be an assault in fact.

**Same:** REASONABLE DOUBT AS TO THE DEGREE OF AN OFFENSE: INSTRUCTIONS. Where there is reasonable doubt of the degree of the offense of which a defendant has been proven to be guilty, he can, under the statute, only be convicted of the lower degree; and he is entitled to an instruction to that effect. In the instant case the instructions are reviewed and, as the result of an equal division of the court, are held to satisfy the requirements of the statute.

**Venue:** EVIDENCE. Where an indictment alleges that the offense was committed at a certain farm in the county, and a witness testifies that the farm was about five miles distant from a certain city, and that she always supposed that it was in the county, but did not know, there is sufficient evidence to take the issue to the jury.

**Same:** SUBMISSION OF THE ISSUE OF VENUE. Where the court fails to enumerate the material allegations of the indictment, but simply instructs that the state must prove every material allegation beyond a reasonable doubt, there is a technical failure to properly submit the issue of venue. But under the record in this case the error is not sufficient to justify a reversal on that ground alone.

**Judicial notice.** Courts will take judicial notice of the geography of the state, and that a point five miles from a given city is in a certain county; but can not judicially know that a given farm is within such county.

**Appeal:** ABSTRACTS: UNDISPUTED EVIDENCE. The evidence as disclosed by appellant's abstract, which is not disputed by appellee, will stand as correct. And where no corroborating evidence is shown in a prosecution for rape, a verdict of guilty will not be upheld.

*Appeal from Buchanan District Court.*—HON. F. C. PLATT, Judge.

THURSDAY, SEPTEMBER 29, 1910.

PROSECUTION for rape upon a child under fifteen years of age. Plea of not guilty. Trial to a jury and verdict of guilty of the crime of rape as charged in the indictment. Judgment was entered upon the verdict fixing punishment at thirty years in the penitentiary. Defendant appeals.—*Reversed* and *remanded.*

*Cook & Cook,* for appellant.

*H. W. Byers, C. W. Lyon,* and *R. J. O'Brien,* for the State.

EVANS, J.—Upon the return of the indictment in this case, the defendant filed a motion to quash the same because the grand jury was not drawn in the manner required by law. This complaint has many phases and specifications, all of which center about two or three principal facts. The February, 1909, term of the Buchanan district court began on February 15th. On that day the grand jury panel appeared, and a grand jury of seven persons was selected therefrom. On February 16th the grand jury was formally discharged for the term by order of the court, and its members were told to return at the next term, which would be in September. Later in the term, for some reason, the court ordered the grand jury to be reconvened. The method adopted was that the panel was summoned and a new grand jury drawn therefrom. The second drawing

occurred on February 23d and resulted in the selection of two grand jurors out of the panel who were not selected as grand jurors on the first day of the term. The other five grand jurors were selected to serve for the February term at each drawing. The general course of appellant's argument is that the seven jurors first drawn necessarily, as a matter of law, constituted the grand jury for the February term, and that the court was without power to order in the panel and to draw another grand jury for the same term.

The question here argued has been fully covered by our previous decisions. That the court could properly have reconvened the same grand jury—that is, the same seven grand jurors who were selected on the first day of the term—as a February grand jury, was held in *State v. Philips,* 119 Iowa, 652.

1. CRIMINAL LAW: grand jury: selection.

But the failure to proceed in this manner was in no sense fatal to the indictment. The court had equal power for proper reasons to recall the entire panel and to order a redrawing of a grand jury therefrom. This was so held in *State v. Hughes,* 58 Iowa, 165; *State v. Disbrow,* 130 Iowa, 19. Somewhat analogous also is *State v. Hart,* 67 Iowa, 142. The general reasons underlying these cases are that the trial court has full power to discharge the grand jury for the term. It may also during the term set aside such order and recall the same grand jury. It has like power to let the order of discharge stand and to recall the grand jury panel and to select a new grand jury therefrom. The exercise of such power involves no presumptive hardship toward any defendant. It has long been the settled law of this state that a substantial compliance with the statute in the selection of grand jurors is sufficient, and that a slight deviation from statutory methods and a merely technical irregularity will not invalidate an indictment, unless it may reasonably be inferred from the circumstances that some prejudice has resulted

to the defendant. *State v. Carter,* 144 Iowa, 371; *Shaw v. Orr,* 30 Iowa, 355; *State v. Brandt,* 44 Iowa, 593. The trial court properly overruled the motion to quash the indictment.

II. The defendant was tried under the following indictment: "The grand jury of the county of Buchanan, in the name and by the authority of the state of Iowa, accuses John Heft of the crime of rape committed as follows: The said John Heft on or about the 15th day of November, in the year of our Lord one thousand nine hundred and eight, in the county aforesaid, did in and upon one Clara Heft, then and there being a female child under the age of fifteen years, unlawfully, willfully, and feloniously make an assault, and did then and there carnally know and abuse said Clara Heft, contrary to and in violation of law." The defendant demurred to the same as being bad for duplicity, in that it charged two offenses. Appellant's argument is that the indictment charges the crime of rape upon a child under fifteen years of age, and that it also charges assault. It is argued that assault is not a necessary element of the crime of rape upon a child under fifteen years of age. Granting for the sake of argument that such crime may be committed without an assault, it does not follow that it is necessarily committed in that way. The crime may be committed upon a child under age whether she consent or refuse. If she consent, the law will not deem it a consent. And if she actually refuse and resist, she only does in fact what she is presumed to do in law, and in a legal sense the offense is the same in either case. If rape should be committed by actual force upon a resisting female under age, it would necessarily involve an actual assault. The indictment, therefore, charges but one offense, and it is not bad for duplicity. *State v. Casford,* 76 Iowa, 330; *State v. Peterson,* 110 Iowa, 647.

III. We proceed now to the consideration of a ques-

*2. SAME: rape: indictment: duplicity.*

tion upon which the members of the court are equally divided in opinion. The view with which the writer of the opinion is in accord will be first stated.

The prosecutrix is the daughter of the defendant and was only thirteen years of age at the time of the alleged offense. The *corpus delicti* is established, if at all, by her testimony alone. As might have been

**3. SAME: reasonable doubt as to the degree of an offense: instructions.** expected, such testimony was not very definite in its terms and was adduced somewhat by the aid of leading questions, which the court may properly permit in such a case. Her evidence was such, and likewise the corroboration, that a jury might have been satisfied therefrom beyond a reasonable doubt that an offense was committed, and yet might have had reasonable doubt as to whether such offense was rape accomplished, or merely an assault with intent to commit rape. The defendant asked the court to instruct the jury that, if they had a reasonable doubt on this question, they could find the defendant guilty only of the lower offense, viz., assault with intent to commit rape. The instruction as asked was in substantial accord with section 5377 of the Code, with some verbal inaccuracies, however. It was sufficient to bring the subject fairly to the attention of the court, and the evidence was such as to require an instruction on that subject. The defendant was entitled either to the instructions as asked or to some other proper instruction upon that subject. It is contended by the state that the question was fairly covered by the instructions of the court as given. We have gone through the record with care, and we think it must be said that the court overlooked this feature of the case.

Code, section 5377, is as follows: "Where there is a reasonable doubt of the degree of the offense of which defendant is proven to be guilty, he shall only be convicted of the lower degree." In construing this section in *State v. Jay,* 57 Iowa, 164, this court said: "In the thirteenth

instruction given by the court as to the reasonable doubt which entitles a party to an acquittal, no reference is made to the provisions contained in section 4429 (now section 5377) of the Code that, when 'there is a reasonable doubt of the degree of the offense of which defendant is proven to be guilty, he shall only be 'convicted of the lower degree.' Indeed, the instructions throughout are silent as to this rule of law. We think defendant was entitled to full instruction upon the question of reasonable doubt, and such as were applicable to the character of the crimes included in the indictment, and that as the instructions omitted the important qualification that a conviction could only be had for the highest crime included in that charged of which there was no reasonable doubt of guilt, under the evidence, the omission was prejudicial to defendant." To the same effect is *State v. Neis*, 68 Iowa, 469.

Our attention is directed to instruction 12, whicih is as follows: "(12) The indictment in this case charges the defendant with the crime of rape. Under the law, however, if the facts justify it, defendants may be found guilty of assault with intent to commit rape. You would `not be justified, however, in finding the defendant guilty of assault with intent to commit rape if you find from the evidence that he carnally knew and abused the prosecutrix as charged in the indictment, that she was under the age of fifteen years at the time, and that the defendant actually penetrated the sexual organs of the prosecuting witness, Clara Heft, with his organ of generation; for in such case he is guilty of rape, and of rape only."

We think, however, that this instruction clearly fails to give the defendant the benefit of section 5377, and to comply with the rule laid down in the cited cases. Indeed, this instruction emphasizes the converse of the rule argued for by the defendant.

Our attention is also directed by the state to instruc-

tions fifteen and sixteen, which were given by the court, and which are as follows:

(15) You are instructed that it is rape to carnally know and abuse a female child under the age of fifteen years, without reference to whether she consent to the intercourse, or whether she refuses or resists. If a female child is under the age of fifteen years, she is incapable of giving her consent to the act. Therefore, if you find from the evidence that the defendant attempted to have sexual intercourse with Clara Heft, and that she was under the age of fifteen years at that time, and if you find that the defendant failed in his attempt to penetrate the body of the child with his organ of generation, he was guilty of assault with intent to commit rape, even though you find that the defendant expected to accomplish his purpose without opposition.

(16) You are instructed that the intent is the essence of the crime of assault with intent to commit rape, and, before you can convict the defendant of the crime of assault with intent to commit rape, you must find from the evidence that the defendant intended to have sexual intercourse with his daughter, the prosecutrix, on the occasion complained of. If you find from the evidence that the defendant called his daughter, Clara Heft, to his bed; that he laid his hands on her private parts and caused her to take hold of his organ of generation; that he attempted to effect even the slightest penetration—then, from these facts, you are instructed that the law would presume an intent on the part of the defendant to have sexual intercourse with the prosecutrix. Such presumption, however, may be rebutted or overcome by evidence that would show that such an intent did not exist, and you should therefore consider all the evidence before you that bears upon this question to determine whether the defendant intended or did not intend to have sexual intercourse with the prosecutrix.

We do not think these instructions fairly meet the requirement of the statute referred to. The higher and lower offenses were held before the jury therein on an equal footing. They presented to the jury no suggestion that a reasonable doubt was to be solved in favor of the lower

offense as against the higher.   Each instruction contains
a palpable error, in that it shifted the burden of proof
upon the defendant.   By instruction fifteen the jury was
not permitted to find the defendant guilty of the lower
offense unless it should "find that the defendant failed in
his attempt to penetrate the body of the child."   Clearly
a reasonable doubt on that question was all that was neces-
sary in order to send the jury to the lower offense.   It
was not necessary that the jury should affirmatively find
a failure of penetration.

The error in instruction sixteen at this point is more
prominent.   The jury was instructed that upon a certain
state of facts recited therein the law raised a presumption
of criminal intent, which presumption might be overcome
by other evidence.   We know of no such rule of legal
presumption.   That the purported facts recited in the in-
struction would be sufficient to warrant an inference by
the jury of criminal intent, and that they would sustain
a finding to that effect, is manifest, and this is probably
what the trial court had in mind.   But this falls far short
of a legal presumption.   Under our Constitution the rule
is imperative and has been often reiterated that in a prosecu-
tion for a criminal offense there is no legal presumption
of guilt at any stage, and the burden of proof remains with
the state unto the end.   Whether a given state of facts
is sufficient to warrant or sustain a finding of guilty by
the jury is a question of law; but it always remains with
the jury to determine whether from such facts an inference
of guilt shall be drawn.   The language of the courts has
not always been discriminating at this point, and the words
"presumption" and "inference" have at times been used
as synonymous.   But where the word "presumption" is
used in such cases, it always has reference to a presump-
tion of fact which is subject to the judgment of the jury,
and not to a presumption of law which is obligatory upon
the jury.

These instructions therefore not only failed to give defendant the benefit of section 5377, but by affirmative error they each emphasized the presumptive prejudice resulting from the omission. It should be said, however, that defendant has made no complaint of these particular errors above discussed, and they can not of themselves, therefore, be made a ground of reversal.

Instruction seventeen is the only other instruction which makes any reference to the lower offense, and is as follows: "(17) If you believe from the evidence that the defendant did not call his daughter Clara to his bed, as claimed by the prosecutrix, and that he made no attempt to have sexual intercourse with her, he is innocent of the crime charged in the indictment, and, in case you so find, he is not guilty of rape, or of assault with intent to commit rape, your verdict should be not guilty."

Neither does this instruction cure the omission which we have already discussed. This instruction is also unfortunate in its form of statement. Its clear implication is that, in order to find the defendant not guilty, the jury must "believe from the evidence that the defendant did not call his daughter, . . . ," etc., and that he "made no attempt," etc. This would lay upon the defendant the affirmative burden of proving his innocence. In order to acquit, it was not necessary that the jury should "believe" any of the matters recited in this instruction. They might have grave suspicions of the defendant's guilt, and could not therefore "believe" him to be innocent, and yet have a reasonable doubt of his guilt. We are constrained, therefore, to the view that there was substantial error of omission at this point, and that it was not cured by any instruction given. *State v. Jay,* 57 Iowa, 164; *State v. Neis,* 68 Iowa, 469; *State v. Walters,* 45 Iowa, 389.

As against these views, three members of the court are of the opinion that the question under consideration is sufficiently met by the instructions already quoted and by

instructions Nos. 3 and 4, upon which some stress is laid. These latter instructions aré as follows:

(3) You are instructed that the defendant is presumed to be innocent, and that it is incumbent on the state to prove every material allegation of the indictment before the defendant can be convicted of the crime alleged to have been committed, and the same must be proved beyond a reasonable doubt. The doubt, however, must be natural, substantial, rational, and conscientious, and not mere speculation. Everything relating to human affairs and depending upon human testimony is open to some possible or imaginary doubt. If the whole evidence taken together produces such conviction in your minds of the guilt of the defendant as you would act upon in matters of the highest and greatest importance, it is your duty to convict; but if the whole evidence taken together produced in your minds a doubt which, without being sought after, fairly and naturally arises after comparing the whole evidence in the case, it is your duty to acquit the defendant.

(4) You have been instructed that you can not convict the defendant if you have a reasonable doubt of his guilt. In subsequent instructions this rule, which must govern your consideration of the case, will not be repeated or called to your attention in each separate instruction. You are to remember that the defendant can not be convicted if you have a reasonable doubt of his guilt, and all the instructions are given you with that rule as your guide in considering and determining every charge of the indictment, as defined under the rules given you in these instructions.

IV. Complaint is made because the venue of the offense was not proved and because the issue was not submitted to the jury. The offense was alleged to have been

4. VENUE: evidence.

committed at the "Grassel farm," sometimes known in the record also as the "Rettig" farm. The sister of the prosecutrix testified that this farm was situated about five miles south of Independence, and that she had always supposed it was in Buchanan County, but did not know. We think this evidence was

sufficient to carry the question of venue to the jury. See *State v. Mitchell,* 139 Iowa, 455; *State v. Goodsell,* 138 Iowa, 504, and cases therein cited.

But it is urged also that the court failed to submit this issue to the jury. In its third instruction the trial court instructed "that it is incumbent on the state to prove

**5. SAME:** submission of the issue of venue.

every material allegation of the indictment before the defendant can be convicted of the crime alleged to have been committed, and the same must be proved beyond a reasonable doubt." This is the only instruction in which the question can be said to be covered, if at all. The court did not advise the jury what the material allegations of the indictment were, nor is there any statement that the allegation of venue is a material allegation. All of the other instructions directed the attention of the jury to the question of the guilt or innocence of the defendant, and it is manifest that the jury might deem the defendant guilty without finding the venue of his offense in Buchanan County.

The courts will take judicial notice of the geography of the state, and this rule would enable us to say as a matter of judicial knowledge that any point within five

**6. JUDICIAL NOTICE.**

miles south of Independence was in Buchanan County. It is doubtless true, however, that we could not take judicial notice that the "Grassel farm" was within five miles south of Independence. This was a fact to be proved. It was testified to by a witness for the state. This testimony was in no manner questioned on the trial. The defendant was a witness in his own behalf and as such took no issue with the testimony of the state on that question.

We think it must be said that there was technical error in the failure to submit the question of venue to the jury. But the error was purely technical and without substantial merit upon the whole record. We would not,

therefore, be justified in reversing the case upon that ground. Code, section 5462.

V. It is urged by the defendant that there was not sufficient corroborating evidence to carry the case to the jury. The only corroborating evidence was given by the

7. APPEAL:
abstracts:
undisputed
evidence.

sister of the prosecutrix. Her testimony, so far as it related to this particular offense, was very slight indeed, and the record before us is not very clear as to just what it was. In his argument for the state, the Attorney General quotes from her testimony as follows: "A. He asked if I heard Clara squeal in the night? . . . I saw Clara in bed with my father." No reply argument has been filed by the appellant. But the last sentence, which purports to be quoted in the argument for the state, is not in accord with appellant's abstract. What appears in such abstract is, "I never saw Clara in bed with my father." An amended abstract was filed by the state, which has made many verbal corrections in appellant's abstract by reference to line and page. But we are not able to discover any correction which relates to this sentence. This testimony is vital to the prosecution, inasmuch as it comprises practically all of the corroborating testimony. As the record is made, we are bound to treat the appellant's abstract as correct at this point, which leaves the state without corroborating evidence as to the particular offense upon which it has elected to rely for conviction.

Many exceptions to rulings on evidence are argued. We have considered them all and find none of them well taken. The rulings of the trial court in this respect were eminently fair, and we find no error therein. The same may be said of other assignments of error by appellant. We are agreed, however, that upon the whole record the case must be reversed, and a new trial granted and it is so ordered.

*Reversed* and *remanded*.