STATE OF IOWA v. WILLIAM CHOCKLETT, Appellant.

**Criminal law:** MURDER: INCLUDED OFFENSES: INSTRUCTIONS. Where
1   there was a substantial conflict in the evidence, on a prosecution
for murder, as to whether defendant or deceased was the ag-
gressor, that issue was for the jury; and if found against defend-
ant, who did not claim that the wounds inflicted were not mor-
tal, refusal to submit any included offense below manslaughter was
correct; since if the killing was not justifiable, as having been
done in self-defense, the crime was either murder or manslaughter.

**Same:** ASSISTANT COUNSEL: READING OF INDICTMENT. An attorney
2   assisting the county attorney in the prosecution of an offense
may read the indictment to the jury in compliance with the statute,
and his doing so rather than the county attorney is not reversible
error.

**New trial:** ARGUMENT: REVIEW ON APPEAL. The ruling of the trial
3   court upon objectionable argument, in view of the showing, will
not be disturbed on appeal: Nor will the alleged improper re-
marks be reviewed on appeal where no objection was taken thereto,
and the same were not preserved by a proper bill of exceptions.

**Appeal:** PRESERVATION OF GROUNDS. Where the record has not been
4   certified and the statement in the abstract that the court peremp-
torily discharged jurors was denied by the amended abstract, the
denial will be accepted as true.

**Evidence:** REVIEW OF OBJECTIONS. Objection to leading questions will
5   not be reviewed where no rulings of the trial court on the ad-
missibility of the evidence appear in the record.

**Criminal law:** SUBMISSION OF ISSUES. The submission of an issue
6   not essential to a finding of guilt is not necessarily prejudicial to
defendant; but under the evidence in this case the question of
whether defendant followed deceased with a view of provoking a
quarrel was properly submitted.

*Appeal from Mahaska District Court.*—HON. B. W.
PRESTON, Judge.

THURSDAY, JUNE 6, 1912.

THE defendant was indicted for the crime of murder and convicted of manslaughter. He appeals.—*Affirmed.*

*Woodson & Brown* for appellant.

*Geo. Cosson, Attorney General,* and *John Fletcher,* Assistant Attorney General, for the State.

LADD, J.—I. The deceased, Henry Britton, lived at the home of Mrs. Chocklett. In the afternoon of September 22, 1911, at about 5:30 o'clock, he came for supper and, as

1. CRIMINAL LAW: murder: included offenses: instructions.

it was not ready, assaulted and beat her. She sent Dewey, her son about thirteen years old, for another son, the defendant, then twenty-six years of age, who came before she had washed the blood from her face or changed her tattered garments. She told him the story. After hearing it, he left to see what Britton had to say about the matter and found him about a half mile away, and upon demanding an explanation of the treatment of his mother, Britton responded that it did not come before him (defendant) and then proposed to go to the house and talk the matter over. When they reached the gate, defendant seized Britton by the legs and threw him to the ground. A struggle ensued but they were parted, and when they arose defendant took his revolver from his pocket and Britton went into the house. Whether defendant followed him to the door and was pushed back by his mother was in dispute. Britton soon returned, probably with a gun, though some of the witnesses saw none, and may have fired first at defendant, though there was plenty of evidence from which the jury might have concluded that defendant shot first and lodged five bullets in the person of Britton, inflicting mortal wounds. This recital of facts disposes adversely to defendant of the contention that the evidence was insufficient to carry the issues raised by defendant's

plea of not guilty to the jury, and also of the error as-
signed that included offenses below manslaughter were not
submitted.    Whether defendant was the aggressor was put
in issue by the evidence and, if he was such, then of course
the killing was not justifiable as in self-defense and he must
have been convicted of murder or manslaughter, for there
was no controversy as to the wounds inflicted by defend-
ant having been mortal.

II.    James A. Devitt assisted the county attorney
in the trial and, in so doing, read the indictment to the
jury and made the opening statement.    Exception is taken

2. SAME: assist-
ant counsel:
reading of in-
dictment.

thereto for that the statute requires that
instrument to be read by the county
attorney or clerk.    In what he did,
Devitt was acting for the county attorney, and reading
the indictment by him was the same as though this had
been done by such officer.  *State v. Crafton,* 89 Iowa, 109.

In his argument to the jury, Devitt is said to have
alluded to matters not borne out by the record.    It is
enough to say that, in so far as objectionable, what is

3. NEW TRIAL:
argument: re-
view on ap-
peal.

claimed in the affidavit by Brown to have
been said is controverted by Devitt's affidavit,
and the decision of the trial judge who was
present ought not to be disturbed.    Moreover, no objection
appears to have been interposed by defendant as was es-
sential to save the point (*State v. Sale,* 119 Iowa, 1), and
what was said does not appear to have been preserved, as
required, by a proper bill of exceptions.  *State v. Burton,*
103 Iowa, 28; *State v. Watson,* 102 Iowa, 651; *State v.
Bigelow,* 101 Iowa, 430; *State v. Helm,* 97 Iowa, 378.

Appellant also complains of the peremptory discharge
of two jurors of the regular panel by the

4. APPEAL: pre-
servation of
grounds.

court.    Though asserted in the abstract, this
is denied by the amended abstract, and, as
the record has not been certified, the denial must be ac-
cepted as correct.

As no rulings on the admissibility of evidence appear in the abstract, the alleged error in permitting leading questions is not before us for consideration.

5. EVIDENCE: review of objections.

The twenty-third instruction is criticised, not because of any inaccuracy therein, but as being so worded that it may have misled the jury in exacting a finding to exclude the plea of self-defense "that defendant went to Britton with a view to provoke a quarrel or bring on a difficulty." It is said there was no evidence to support this, and the same should have been omitted. If a finding not essential to conviction was exacted, it is not perceived how the accused was prejudiced thereby. But there was evidence from which the jury might have found that defendant sought deceased for the purpose mentioned. In going to see Britton, he carried a loaded revolver. He first seized and threw him down at the gate and upon separation exhibited his revolver without apparent provocation, though he testified that he supposed deceased had a gun and was going to the house for ammunition, but indicated no ground for such supposition. So, too, he explained that he carried a revolver for his protection on days when miners were not at work, owing to having lost a leg and wearing an artificial one in its stead. But what credit should be given to these explanations was for the jury to determine, and that body in view of all the circumstances might have rejected them and have concluded that he had armed himself for the occasion and set out to revenge the wrong done his mother. That his mother had warned him that she thought deceased had a gun tended to confirm rather than obviate this conclusion. The issues as to whether he sought out deceased with the design of provoking a quarrel was for the jury, and the instruction can not be regarded as misleading. On the contrary, it is strongly to be approved as forcibly and clearly directing attention to the facts as these might have been

6. CRIMINAL LAW: submission of issues.

found. The instruction following submitted the question of defendant's guilt on the theory of findings, if made, that the encounter at the gate had ended and that Britton returned from the house to renew it.

The instructions were without error and the extentuating circumstances, if such there are, doubtless will be accorded appropriate consideration by the parol board.— *Affirmed.*