STATE OF IOWA, Appellee, v. ROY WEBER, Appellant.

RECEIVING STOLEN GOODS: Value of Property. Failure to require the jury to find the value of stolen property alleged to have been feloniously received is harmless error (1) when the indictment alleged a value over $20, and the jury was told that there could be no conviction unless all material allegations were proved; (2) when the *undisputed* evidence showed a value very materially in excess of $20; and (3) when no instruction as to value was requested.

*Appeal from Webster District Court.*—SHERWOOD A. CLOCK, Judge.

MARCH 11, 1924.

THE defendant was indicted and found guilty of the crime

of knowingly receiving and concealing stolen goods, and appeals.—*Affirmed.*

*Howard H. Duncan,* for appellant.

*Ben J. Gibson,* Attorney-general, and *Maxwell A. O'Brien,* Assistant Attorney-general, for appellee.

PRESTON, J.—The only errors relied upon for a reversal are that the trial court did not specifically instruct the jury that, if they found defendant guilty, they should find the value of the property, whether more or less than $20. It would have been better to do so. It would doubtless have prevented this appeal.

The indictment charges the defendant with having received one six-cylinder five-passenger Buick automobile, of the value of more than $20. This part of the indictment was copied into the instructions, and the jury was told, in substance, that, before the State could ask a conviction, the State must have proved all the material allegations of the indictment beyond a reasonable doubt. The defendant introduced no evidence. The undisputed evidence shows that the car was practically new, and cost the owner $1,650, and that, at the time in question, it was worth at least $1,000. No instruction on this subject was asked by the defendant. It is thought that, if the jury had been properly instructed, they might have found the value of the machine to have been less than $20. It was described, and the value given, and this was undisputed. It is inconceivable that a jury could or would, under this record, have so found, or that the jury was in any manner misled. *State v. Sparegrove,* 134 Iowa 599, 602. The objection is technical. To reverse the case under the record made would be like some of the ancient cases which are occasionally resurrected for the purpose of criticising the law and the courts, as where an "i" was not dotted. In these days, the courts are not that technical. Though, in a criminal case, the courts should be careful not to assume or treat as true a particular fact, yet we have repeatedly held that this may be done if the fact is admitted or undisputed. *State v. Archer,* 73 Iowa 320; *State v. Graves,* 192 Iowa 623, and cases cited at 625. In the *Graves* case, the court stated in one of the instructions that:

"The evidence shows without dispute that the deceased was wounded by the discharge of a revolver in the hand of the defendant."

In the instant case, the trial court did not instruct as broadly as that. Had it done so, it seems to us it would have been more prejudicial to the defendant, if anything, than to fail to refer specifically to the value. The error complained of is clearly without prejudice.

The case is ruled by *State v. Burton,* 103 Iowa 28, 30; *State v. Hayward,* 153 Iowa 265; *State v. Cater,* 100 Iowa 501; *State v. McCarty,* 73 Iowa 51, 52; *State v. Fortune,* 196 Iowa 884. The *McCarty* case was reversed because, under the evidence, it was a close question whether the value of the property was under or over $20, and the court held that a failure to instruct on the subject was prejudicial error, "unless, possibly, there is no possible doubt under the evidence that the property was of greater value than $20. We do not regard the evidence in this case to be of that character."

The judgment is—*Affirmed.*

ARTHUR, C. J., EVANS and FAVILLE, JJ., concur.