ERNEST KRUTZFELDT, Appellee, v. C. F. CASHMAN, Appellant.

**APPEAL AND ERROR:** Exceptions—Fatally Delayed Bill. An exparte nunc pro tunc bill of exceptions, signed by the judge in vacation and one year after the entry of judgment, is a nullity.

Headnote 1:   4 C. J. pp. 277, 499.

*Appeal from O'Brien District Court.*—WILLIAM HUTCHINSON, Judge.

FEBRUARY 17, 1925.

ACTION at law, to recover a balance due for labor performed. There was a verdict for the plaintiff and judgment thereon for $141. From this judgment the defendant has appealed.—*Affirmed.*

*Reed Babcock,* for appellant.

*T. E. Diamond* and *J. T. Conn,* for appellee.

EVANS, J.—The appellant has filed his argument predicated upon alleged errors in the record. The only response made to this argument by appellee is a motion to dismiss the appeal on the ground that the appellant failed to take appropriate exceptions to the judgment and record upon which it was entered. Argument is filed by appellee in support of this motion. To this motion and argument thereon, appellant makes no response. In view of the silence of the appellant on the subject, we are not called upon to make a search of the record for verification of the stated grounds of the motion. On its face, the motion appears to be well taken. We do note from the record that, about one year after the entry of the judgment, the appellant obtained from the presiding judge, in vacation, in another county, a purported bill of exceptions, or amendment of the record, which purported to preserve proper exceptions to the appellant. This was denominated a "nunc pro tunc" order, and was so entered of record by the clerk. It was purely *ex parte,* and without any notice to the adverse party. We think this order availed nothing to the appellant. *State v. Hathaway,* 100 Iowa 225.

The judgment below is, accordingly,—*Affirmed.*

FAVILLE, C. J., and ARTHUR and ALBERT, JJ., concur.