## STATE v. OSBORNE.

1. **Criminal Practice:** CHALLENGE TO GRAND JURORS: STATUTES CONSTRUED. In the absence of any statute to the contrary, the prisoner ought to be permitted to challenge the grand jurors at any time before they consider the case, upon information gained that they are lawfully subject to challenge on account of matters arising after a prior challenge has been made. It is accordingly *held* that, when an indictment has been set aside as a nullity on account of illegality, the grand jurors who found the indictment are subject to challenge by the prisoner, on the ground that, in the finding of the illegal indictment, they have formed and expressed an opinion as to the guilt of the prisoner; and to deny the prisoner, in such case, the right of challenge, and submit the case again to the same grand jury, against his objections, was error. Sec. 5, ch. 130, Laws of Eighteenth General Assembly [Miller's Code, p. 1008, and McClain's St., p. 1067,] considered and held not to abridge the right of challenge. *State v. Fowler*, 52 Iowa 103, and *State v. Felter*, 25 Iowa, 67, distinguished.

*Appeal from Polk District Court.*

THURSDAY, JUNE 14.

DEFENDANT was convicted of murder in the first degree, and sentenced to imprisonment in the penitentiary for life. He now appeals to this court. The facts involved in the points ruled are stated in the opinion.

*W. A. Foster*, for appellant.

*Smith McPherson, Attorney-general*, for the State.

BECK, J.—I. The prisoner was held to answer before the grand jury for the crime for which he was ·indicted, and, in the exercise of the right conferred by statute, challenged a grand juror, on the ground that he had formed and expressed an opinion of defendant's guilt. See Code, § § 4258 and 4261. The challenge was sustained, and the court, under § 4264, directed that the juror objected to should not be present at or take any part in the consideration of the charge against the prisoner. This direction was disobeyed, and the

juror was present during the consideration of the case by the grand jury. Upon the return of the indictment, it was set aside upon motion of the prisoner, based upon the misbehavior of the juror just stated. Thereupon the court, against defendant's objection, re-submitted the case to the same grand jury, again directing the juror who had been challenged to take no part in the consideration of the charge against the prisoner, and not to be present when the case should be considered. The prisoner asked permission to challenge the grand jurors to whom the case was finally submitted, on the ground that they had formed and expressed an opinion of his guilt. This was denied, and the ruling constitutes the only ground of error that need be considered upon this appeal.

II. Code, § 4261, conferring upon the prisoner the right of challenging grand jurors on the ground of opinions, formed and expressed, of his guilt, does not prescribe the time within which the right shall be exercised. Nor does it prescribe that, if the right be exercised, and one or more of the jurors be challenged, further challenges shall not be made, when ground therefor arises after the first challenge. In the absence of any statute so providing, the prisoner ought to be permitted to exercise the right to challenge the jurors at any time before they consider the case, upon information gained that they are lawfully subject to challenge on account of matters arising after a prior challenge had been made. A different rule would defeat the very purpose of the statute, namely, to secure a fair and unprejudiced grand jury, to whom the charge shall be submitted. In the case before us, after the first indictment was set aside, the rights of the prisoner were no other or different from what they were when the first challenge was made. He had a right to an unprejudiced grand jury. The proceedings resulting in the first indictment stood for nothing. The prisoner should have been permitted to fully exercise his right to challenge the jurors. There was ground for believing, nay, for *knowing*, that the

jurors had formed and expressed an opinion of the prisoner's guilt, for they had heard the evidence, and upon their oaths returned an indictment against him. But, it is said, they gained the knowledge of the facts, and expressed their opinion of his guilt, acting as grand jurors. This does not change the case. Suppose one of the grand jurors had been upon a coroner's jury, or had been upon a jury before whom an accomplice had been tried and convicted. In each case the juror would have gained knowledge of the facts, and expressed an opinion of the prisoner's guilt, under circumstances substantially the same as existed in this case. It will not be claimed that he would not be the subject of challenge. It is also said that no prejudice resulted from refusing defendant the right to make the challenge, as he was convicted, and thus shown to be guilty; and that we must presume another grand jury would have found an indictment against him. The facts stated may all be admitted, but we cannot exercise a presumption of a prisoner's guilt in order to sustain proceedings resulting in his conviction. Such a rule would, in effect, declare that a verdict cures all violations of law and irregularities in criminal trials. *The State v. Gillick*, 7 Iowa, 287, supports the conclusions we have announced.

III. It is insisted that, as the courts may resubmit the cause to the same grand jury, under the provisions of Chap. 130, Sec. 5, Acts of the Eighteenth General Assembly, (Miller's Code, p. 1008, and McClain's Statutes, p. 1067,) this provision would be defeated if the prisoner may challenge the grand jurors on the ground of knowledge derived, and an opinion expressed, in proceedings resulting in a prior indictment. But this provision must be construed in harmony with other statutes, and it must be understood as directing that a charge may be resubmitted to a grand jury, to be examined under the rules elsewhere prescribed. In this view, the right of challenge is not abridged.

IV. *The State v. Fowler*, 52 Iowa, 103, is cited by the

State v. Osborne.

attorney-general in support of the position that, as no preju-
dice was shown in refusing to defendant the right to chal-
lenge the jurors, the defendant cannot now complain. In
that case it was proper to presume that no prejudice resulted
from a failure to afford the prisoner an opportunity to chal-
lenge a grand juror, who took the place of one who was ex-
cused from the jury, in the absence of any showing or ground
of inference that a cause of challenge existed. But in this
we must presume that there was good cause for challenge of
the jurors, on the ground that they had formed and expressed
an opinion of the prisoner's guilt. *The State v. Felter*, 25
Iowa, 67, is in the same manner distinguished from this case.
There was no ground upon which prejudice could be presumed
in that case. In this case, as we have said, there is ground to
presume that the grand jurors had formed and expressed an
opinion of defendant's guilt, and they were, therefore, under
the law subject to challenge. The right of the prisoner to
have the charge considered by a grand jury of the character
contemplated by the statute cannot be denied.

The judgment of the district court is reversed. But the
defendant will remain in custody to await the action of the
grand jury, and the cause will be remanded to the district
court for an order resubmitting the charge to the grand jury.

REVERSED.