STATE OF IOWA, Appellee, v. W. B. C. BULLARD, Appellant.

Grand jury:    COMPETENCY:    RESUBMISSION OF CHARGE.    On resubmission of a charge to the grand jury after the setting aside of an indictment, where it appears from an examination of the jurors that several were members of the jury which returned the original indictment, and they stated that they had formed and expressed an opinion as to defendant's guilt which they still retained, that if the same evidence was again presented they would return an indictment, and were they called to sit as petit jurors they would vote to convict the defendant on the same evidence, such jurors are incompetent under Code, section 5243, although they also state that they have no prejudice or bias against the accused and that their opinions would not prevent them from giving an impartial consideration of the evidence and rendering a true finding thereon.

*Appeal from Clay District Court.*— HON. W. B. QUARTON, Judge.

TUESDAY, APRIL 4, 1905.

THE defendant was indicted for obtaining property under false pretense. Trial being had, he was convicted, and from the judgment entered he appeals.— *Reversed.*

*Spurrier, Forbes & Mills* and *Cory & Bemis,* for appellant.

*Chas. W. Mullan,* Attorney-General, and *Lawrence De Graff,* Assistant Attorney-General, for the State.

BISHOP, J.— The record before us makes it appear that the defendant was indicted in the Clay county district court at the April, 1903, term thereof, the offense charged being obtaining property by false pretense. At the September term, 1903, and the defendant being present, the prosecution moved to set aside the indictment so found at the previous term, and that the charge against the defendant be resubmitted to the grand jury. Over the objection of defendant, the motion was sustained, following which the grand jury was called into open court, and the defendant given opportunity to examine and challenge for cause. Thereupon the persons appearing as grand jurors were examined by counsel for defendant, and of the seven called six answered that they had sat as a member of the grand jury which at the April term had voted and returned an indictment against the defendant charging him with having obtained property of one J. D. Carson by false pretense. Each of the six men answered that evidence in respect of the facts connected with the offense of which defendant ·was accused was taken before the grand jury and considered, and each severally answered that from such evidence he formed an opinion as to the guilt of the defendant, which he then expressed, and, based thereon, he voted to return an indictment. Each answered also that the opinion then formed still remained with him, and that, if the same evidence was again submitted to him as a grand juror, he would

for the second time vote for an indictment; also that, had he been called upon to sit as a petit juror, he would vote to find the defendant guilty upon the evidence produced before the grand jury. Answering questions propounded by the court, each said that he had no bias or prejudice against the defendant, and that the opinion he then had would not prevent him from rendering a true finding upon the evidence to be brought forward upon a resubmission, and that he could give impartial consideration to such evidence. The defendant challenged severally the jurors called, and in each instance the challenge was overruled. The seventh juror called answered that he had no knowledge of the case, and as to him there was no challenge. The grand jury thus composed was sworn, and at said term of court returned an indictment against the defendant charging that he did on June 29, 1901, obtain property, describing it, from one J. D. Carson, by false pretense. Under such indictment trial was had, resulting in the judgment here appealed from.

We are not advised as to the cause for setting aside the indictment first found, nor do we think such to be material. Upon the entry of the order the case then stood as though no presentment had ever been made, and, accordingly, the defendant became possessed of the full right of challenge, to be exercised when thereafter it was sought to resubmit his case to the grand jury. Code, section 5243; *State v. Gillick,* 7 Iowa, 287; *State v. Osborne,* 61 Iowa, 330. This right, as we have seen, was not denied to defendant. The entire controversy arises out of the rulings of the court in respect of the challenges interposed by the defendant to the several veniremen called to make up the grand jury. It is the statute (Code, section 5243) that a challenge to an individual grand juror may be made by the defendant when it appears that he has " formed or expressed such an opinion as to the guilt or innocence of the accused as would prevent him from rendering a true verdict upon the evidence submitted on the trial." The effect of the provision, as we

understand it, is that a challenge to a grand juror must be allowed if his answers disclose that by reason of an opinion formed or expressed by him he would be an unfit person to sit upon a petit jury called in for the trial of the case after indictment found. In other words, an opinion as to guilt which would disqualify a petit juryman will disqualify a grand juryman. This was the rule announced by Marshall, C. J., on the trial of Aaron Burr, and this court in direct terms committed itself thereto in *State v. Gillick, supra.* See, also, *State v. Osborne, supra.* The cases cited are authority also for the proposition that it is no answer to the challenge to a grand juryman that his opinion had been formed solely upon the evidence given before the grand jury and upon which the former indictment was found. In the Gillick Case it was said: " When the jury were brought into court in order that he [the accused] might exercise this right, they stood in the same relation to him as if they had not been impaneled and sworn. The jurors must stand indifferent to him, as they stand unsworn. His right to an impartial jury is as unconditional as his right to any jury at all. The juror challenged was as much disqualified * * * by reason of the opinion formed by him from the evidence given under oath in the grand jury room, and by his action thereon, as if that opinion had been formed from rumor, or had been induced by malice or ill will. It is the preconceived opinion that renders him incompetent, and not the sources from which that opinion is formed or derived." In the Osborne Case it was said that a grand juror whose opinion of guilt was derived from the evidence upon which a former indictment was based is in no different position than as though he had been upon a coroner's jury, or upon a jury before whom an accomplice had been tried. And it might have been added that his relation to the case was not unlike that of a petit juryman who is again called after a verdict of guilt in which he took part has been set aside and a new

trial awarded. No one will claim that under such circumstances the right of challenge does not exist.

In the instant case it will be observed that each of the six veniremen called to answer as to his qualifications declared not only that he entertained an opinion as to the guilt of the defendant, but that should he sit as a member of the jury upon resubmission, and the same evidence being again brought forward, he would vote for an indictment. To our minds the jurors were clearly incompetent and the several challenges should have been sustained. We need not stop for a discussion of the subject in general. It was gone over at length in the recent cases of *State v. Crofford,* 121 Iowa, 395, and *State v. John,* 124 Iowa, 230, to which the reader is referred. Suffice it to say that, as a result of the rulings upon the challenges made — and this must be apparent to all — a grand jury was made up of men, with one exception, who went out not to deliberate, but to vote another indictment, conditioned only upon there being again submitted the evidence upon which the former presentment was predicated. In the face of a situation thus appearing by frank confession, the fact that the jurors have no bias or prejudice against the accused is a matter of no moment whatever. Their unfitness is established by their belief in his guilt, and their declaration that, given opportunity, they will upon the same evidence again vote for an indictment. It may be that a grand jury composed in its entirety of men who had no information or belief upon the subject of the guilt of the accused would have voted to indict upon the evidence when presented as readily as did the jury in fact impaneled. But there was the chance that the charge might be ignored, and the statute gave to the defendant the right to have the benefit of that chance. We hold, therefore, that the indictment upon which the defendant was tried was not found by a grand jury legally impaneled and sworn. In view of this conclusion we need not give attention to any of

the other matters of error presented by the record.— *Reversed.*