STATE OF IOWA, Appellee, v. D. H. HARRIS, Appellant.

**GRAND JURY:** Qualifications—Formation or Expression of Opinion. A grand juror is incompetent who declares in the most positive manner that he has formed and expressed a positive opinion as to the merits of the case, and still has such opinion, and who has previously served as a member of a grand jury which returned an abortive indictment against the defendant, though he also states that he can proceed without any feeling or bias against the accused.

*Appeal from Lyon District Court.*—WILLIAM HUTCHINSON, Judge.

JULY 1, 1919.

THE defendant was convicted of the crime of having maliciously threatened one Bahnson, with intent to compel him to purchase certain dray line property against his will. He appeals.—*Reversed and remanded.* .

*E. C. Roach,* for appellant.

*H. M. Havner,* Attorney General, and *F. C. Davidson,* Assistant Attorney General, for appellee.

LADD, C. J.—An indictment was returned against the accused, September 4, 1918, and two days later, he moved that it be set aside, for that one Schmidt, who had been regularly drawn and summoned as a grand juror, had failed to appear, and, in his stead, one Miller acted as member of said grand jury. This motion was confessed by the county attorney, September 10, 1918, and the court ordered the indictment set aside, and "that the case be submitted to the grand jury at the October term, 1918." At the October term, the grand jury was impaneled, with W. W. Reynolds, Henry Hansman, and William Miller as members thereof, who had also served as members of the grand jury which returned the indictment set aside.

The accused challenged each of these persons, for that, as was contended, he had "formed or expressed such an opinion as to the guilt or innocence of the prisoner as would prevent him from rendering a true verdict upon the evidence submitted on the trial" (Section 5243, Code); and each challenge was overruled.

Reynolds had answered that he had no acquaintance with the accused, save as he appeared before the previous grand jury, and that all he knew about the case was what he had heard at that time; that he then formed and expressed a positive opinion as to the merits of the case, and still had it; that it would prevent him from rendering a true verdict if the evidence was the same as before the grand jury at the previous term of court; that his opinion would be as then expressed, unless he had some reason to change it; and that he then voted to return an indictment. Thereupon, the court elicited the fact that he was not prejudiced against the accused, and could listen to

the testimony "with relation to finding an indictment or not without any passion or prejudice or feeling against" him, and that he could "return such a verdict as he believed the evidence warranted." Thereupon, the challenge was overruled.

Hansman and Miller testified practically the same as did Reynolds, save that, on examination by the court, Hansman said that he did not mean to say that he had any opinion as to the guilt or innocence of the defendant, though he had testified that, "if the evidence were the same as was submitted before, he would vote the same way," and declared that he had "formed a positive opinion as to the merits of the case." Miller swore that the fact that he had voted for an indictment before would have an influence on his vote again.

It is apparent from the court's ruling that too much significance was given to the fact that these men could proceed without any feeling or bias against the accused. This is not enough to qualify the juror. The test prescribed is whether such an opinion had been formed or expressed concerning his guilt or innocence as would prevent them from rendering a true verdict. Each declared in the most positive manner that he had formed and expressed such an opinion. The finding and return of an indictment confirmed this, and there was no room for ruling otherwise. The challenge should have been sustained. See *State v. Osborne,* 61 Iowa 330, where every point raised is ruled adversely to the contentions of the State. See, also, *State v. Gillick,* 7 Iowa 287, and *State v. Bullard,* 127 Iowa 168.

The judgment of the district court is reversed; but the defendant is continued in custody, and the cause remanded to the district court for such order with reference to resubmission to the grand jury as may be deemed appropriate. —*Reversed and remanded.*

EVANS, GAYNOR, and PRESTON, JJ., concur.